578 A.2d 27

**COMMONWEALTH of Pennsylvania**

v.

**Rodney WELLS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 1990.

Decided July 17, 1990.

Petition for Allowance of Appeal
Granted Jan. 15, 1991.

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before KELLY, POPOVICH and CERCONE, JJ.

KELLY, Judge:

In this case we are called upon to determine whether the trial court improperly excluded rebuttal evidence offered to impeach a key prosecution witness, and whether counsel's self-confessed lack of preparation denied appellant a fair trial. We find no merit in either contention and affirm.

On Saturday evening at approximately 8:30 p.m. on December 6, 1980, appellant forced his way into the apartment of Mrs. Laurenstine Johnson of Philadelphia and proceeded to rob the occupants at gun point. Appellant was extremely agitated during the course of the robbery and pistol-whipped both Mrs. Johnson and her teenage son, Timothy Johnson. The mother, the son, and a visiting uncle (who had been upstairs when the robbery began) were shepherded into a bedroom and held at gun point while appellant ransacked drawers in a fruitless search for valuables he apparently believed to be located at that residence. Appellant eventually fled.

After a brief wait to make sure appellant was gone, the victims went downstairs and called the police, who arrived a short time later. Mrs. Johnson's son, Timothy, was able to positively identify the robber as appellant, an individual Timothy knew from school and the neighborhood. Appellant lived only two blocks away. Mrs. Johnson was taken to the hospital where she received four stitches to close the bleeding head wound she received when appellant pistol-whipped her.

An arrest warrant was issued for appellant the following day, but appellant managed to avoid arrest on that warrant until January 30, 1981, when he was apprehended after a brief foot chase.

Following arraignment appellant was released on a percentage cash bail posted by a third party, and he then promptly fled the jurisdiction. Appellant remained a fugitive for nearly two years, but was eventually reapprehended and brought to trial.

On May 14, 1985, a jury convicted appellant of robbery, burglary, and possession of an instrument of crime. Following the trial, new private counsel was retained and post-verdict motions were filed which asserted, among other things, ineffective assistance of prior counsel. Numerous defense requested continuances followed, and on May 25, 1988, an evidentiary hearing was held finally on appellant's ineffectiveness claims. Post-verdict motions were denied July 19, 1988, and appellant was sentenced the same day to an aggregate term of 15 to 40 years imprisonment with a consecutive term of five years probation upon eventual release, all of which was to be served consecutively to sentences imposed for unrelated robbery and murder convictions. This timely appeal followed.

### Proffered Rebuttal Evidence

Appellant first contends that the trial court abused its discretion in refusing to permit his sister to testify in rebuttal to impeach the credibility of prosecution witness Timothy Johnson, and to establish both bias and a motive for Timothy Johnson to falsely accuse her brother. The actual proffer is detailed in the opinion of the trial court, and may be charitably summarized as follows. Sometime in later 1980 appellant's sister heard Timothy Johnson berate Rhonda White for seeing appellant and becoming pregnant by appellant while he (Timothy Johnson) was away at school. Counsel sought to have it inferred that Timothy Johnson had a revenge motive to falsely accuse appellant. Appellant argues that the trial court improperly focused upon the possibility that the evidence was perjurious, that the best evidence rule did not apply, and that even though the evidence was hearsay, "motive and bias are usually proved by hearsay testimony." (Appellant's Brief at 8–12).

The Commonwealth responds that the trial court in no way abused its discretion. The Commonwealth argues that the evidence was not relevant, was almost certainly perjurious, and was comprised entirely of inadmissible hearsay. The Commonwealth argues further that if there was error, it was harmless beyond a reasonable doubt.

The trial court agreed with the Commonwealth that the evidence was properly excluded because it was not relevant, it was almost certainly perjurious, and it was comprised entirely of inadmissible hearsay.

It is well-settled that "an accused has a fundamental right to present defense evidence, so long as such evidence is relevant and not excluded by an established evidentiary rule." *Commonwealth v. Uhrinek*, 518 Pa. 532, 542, 554 A.2d 947, 952 (1988); *Commonwealth v. Eubanks*, 511 Pa. 201, 209–10, 512 A.2d 619, 624 (1986); *Commonwealth v. Greene*, 469 Pa. 399, 405, 366 A.2d 234, 237 (1976). The question here is whether "the evidence was relevant and not excluded by an established evidentiary rule."

With regard to relevance, it is well-settled that the defense is entitled to broad latitude to present even arguably attenuated evidence designed to impeach, discredit, or rebut the testimony of a prosecution witness as biased or being the product of a motive to testify falsely. *See Commonwealth v. Borders* 522 Pa. 161, 165, 560 A.2d 758, 759–60 (1989); *Commonwealth v. Simmon*, 521 Pa. 218, 219–25, 555 A.2d 860, 861–64 (1989); *Commonwealth v. Peetros*, 517 Pa. 260, 272–76, 535 A.2d 1026, 1032–34 (1987). It must be noted however, that each of those cases involved attempts to impeach on cross-examination, or to offer in rebuttal plainly admissible evidence. The issues decided in those cases concerned the balancing of alleged relevance against countervailing privilege or potential prejudice, and not fundamental reliability or admissibility under settled evidentiary rules.

■ We note initially that we agree with appellant that the evidence was not excludable because other evidence

rendered it so incredible as to be irrelevant, or because the evidence was almost certainly perjurious. While the witness may expose himself or herself to perjury charges by offering incredible testimony, the conflicts and inconsistencies in such evidence are for the jury to resolve as finder of fact, and *not* the trial court in determining admissibility. *Cf. In re Investigating Grand Jury (Petition of Lees)*, 518 Pa. 485, 490, 544 A.2d 924, 926 (1988) (though the judge may have reasonably believed the witness had lied, the only sanction available was a perjury charge, not contempt sanctions); *Commonwealth v. Mascitti*, 368 Pa.Super. 454, 464, 534 A.2d 524, 529 (1987) (while a witness whose testimony was expected to be perjurious was properly required to testify in narrative form when counsel decline to aid in the perpetration of a fraud on the court, nontheless, the testimony was not excluded), *reversed on other grounds*, 519 Pa. 235, 546 A.2d 619 (1988).

In the trial court and here on appeal appellant *conceded* that the evidence excluded was technically inadmissible hearsay. That concession is fatal, as the law plainly requires that the defense evidence offered for impeachment (or any other purpose) not be excludable by an established evidentiary rule. *Commonwealth v. Uhrinek, supra.*

■ In point of fact, however, appellant conceded too much, as the proffered evidence actually fell within the accepted exception to the hearsay rule for evidence of prior inconsistent statements of a testifying witness. *See generally* Binder, *Hearsay Handbook*, §§ 32.04 (1983 & 1989 supp.). On cross-examination, Timothy Johnson specifically denied even knowing appellant's girlfriend Rhonda. The prior statement alleged to have been overheard by appellant's sister was materially inconsistent with Timothy's testimony. Thus, appellant's sister's proffered testimony consisted of an alleged prior inconsistent statement by a testifying witness which was relevant as to credibility and as to potential bias. As such, it was at least arguably admissible.

■ Nonetheless, even if an ineffectiveness claim had been presented on this issue, counsel could not be deemed ineffective in this respect. Upon careful review of the entire record, we agree with the Commonwealth that the evidence proffered was wholly incredible and of minimal impeachment value given its staleness, while the other evidence against appellant was so overwhelming that any error in this respect would have to be deemed harmless beyond a reasonable doubt. There is no reasonable likelihood that admission of the proffered rebuttal evidence would have altered the verdict in any way.

Hence, we find no merit in the first contention on appeal.

## II. *Confessed General Ineffectiveness*

Appellant's second contention is that counsel failed entirely to prepare for this case, and that counsel freely admitted that fact. Appellant argues that, despite the absence of any demonstration of actual prejudice, reversal is compelled. We cannot agree.

It must be conceded that prior counsel does not appear to have lived up to his *ethical* obligations to pursue his client's interests zealously. Rather, as appellant suggests, counsel seems to have placed far more emphasis on securing his legal fees, than preparing appellant's defense. (N.T. 5/9/85 at 6; N.T. 5/10/89 at 17).

Indeed, counsel made a rather dramatic self-accusation of ineffectiveness at the close of appellant's trial:

MR. RENFROE: What can I say when I have no evidence? I have no witnesses whatsoever. *This is a clear-cut ineffectiveness assistance of counsel case, as this court knows. I have not presented any defense, not one witness have I presented, there's nothing I can say to combat the three witnesses who testified against my client,* Rodney Wells, as being the one that came into their house on the day in question. I haven't presented any defense to the contrary. How can I give a closing argument? There is no closing argument for me to give.
THE COURT: You are going to get up and give a closing argument. If you don't want to, I will tell the jury you

have an absolute right to make no closing argument if you don't want to. That's up to you. You do what you want.

MR. RENFROE: I'm not going to give a closing argument. I have nothing to say.

THE COURT: You are going to get up and argue because you are required to get up and argue if I ask you to, and I will ask you to.

MR. RENFROE: I will do whatever you ask me to do. I am telling you I have nothing to say.

(N.T. 5/13/85 at 326–28). (Emphasis added).

 Counsel is presumed competent. In order to establish ineffectiveness, appellant must establish that: an act or omission was arguably ineffective; no objectively reasonable basis designed to effectuate appellant's interests could exist for the act or omission; and, but for the act or omission challenged, there is a reasonable probability that the result would have been more favorable to appellant. *Commonwealth v. Slocum*, 384 Pa.Super. 428, 433, 559 A.2d 50, 52 (1989); *see also Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989); *Commonwealth v. Johnson*, 516 Pa. 407, 412–13, 532 A.2d 796, 799 (1987).

 When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the court below to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing. *Commonwealth v. Petras*, 368 Pa.Super. 372, 377, 534 A.2d 483, 487 (1987); *see also Commonwealth v. Spotts*, 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985).

 However, remand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective, *before*

remand for an evidentiary hearing will be granted. *Commonwealth v. Petras, supra,* 534 A.2d at 487; *see also Commonwealth v. Durst, supra,* 559 A.2d at 505; *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Moreover, if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not actually prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary. *Commonwealth v. Petras, supra,* 534 A.2d at 487; *see also Commonwealth v. Clemmons,* 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

▮▮▮▮ Whenever an evidentiary hearing on a claim of ineffectiveness is granted, the burdens of production and persuasion remain on the defendant. If the defendant fails to sustain the offer of proof at the evidentiary hearing, the ineffectiveness claim must fail. A failure to sustain an allegation of ineffectiveness may arise from a failure to present evidence at the evidentiary hearing, or from a rejection of the evidence presented in support of the proffer as not credible. *See Commonwealth v. Hentosh,* 520 Pa. 325, 334, 554 A.2d 20, 24–25 (1989) (defendant failed to present evidence to sustain the proffer); *Commonwealth v. Johnson,* 355 Pa.Super. 123, 131, 512 A.2d 1242, 1246 (1986) (defendant's self-serving testimony in support of an arguable ineffectiveness claim was rejected as not credible).

▮▮▮▮ Here, appellant has made no attempt whatsoever to identify any specific error or omission of prior counsel by which he was actually prejudiced. To the contrary, he boldly asserts that:

This is a *rare* case where trial counsel's actions merit reversal, *absent a finding of prejudice.* Indeed, counsel's lack of preparation masks the very data needed to show prejudice.

*Reversal is compelled.*

(Appellant's Brief at 17). (Emphasis added).

Cases where reversal is required without a showing of prejudice are not *rare,* they are *extinct.* We feel no com-

pulsion other than to follow the settled precedent of our Supreme Court which unequivocally requires actual prejudice.

We find no merit in the claim that prejudice should be *presumed* because the alleged ineffectiveness "cloaked" the proof of prejudice. Appellant is currently represented by competent and zealous counsel who has fought valiantly against the overwhelming weight of the compelling evidence of appellant's guilt. Counsel's brief reflects a thorough review of the record and a careful marshaling of evidence and argument in favor of appellant's claim. Yet, nonetheless, appellate counsel has failed to uncover a single omitted material witness or any trial error demonstrating any actual prejudice. Despite new counsel's best efforts, the sole evidence of ineffectiveness remains prior counsel's own vague and conclusory self-accusation of ineffectiveness.

■■■ Self-accusations of ineffectiveness by prior counsel by their very nature could *never* be conclusive proof of ineffectiveness. This is true for pragmatic reasons.

First, some defense counsel might be disposed to make false self-accusations of ineffectiveness. Just as other counsel might pass over objections at trial to seed the record for appeal in the event of an adverse verdict or sentence out of misbegotten zeal for success rather than justice, so too might counsel raise false self-assertions of general ineffectiveness. *Cf. Commonwealth v. Gumpert*, 354 Pa.Super. 595, 599, 512 A.2d 699, 701–02 (1986).

Moreover, no such misguided zealousness need be presumed to render the self-accusation less than conclusive. Rather, a self-accusation of ineffectiveness remains by its very nature *merely evidence* of ineffectiveness, which must be considered with all *other relevant evidence* in determining whether each of the three prongs of the ineffectiveness test is met.

Counsel may believe that ineffective assistance has been rendered and yet be wrong. Counsel may do the right things for wrong reasons, or for no reasons at all; yet, if the right things are done, there is no actual prejudice, hence no ineffectiveness. Likewise, if a counsel's alleged lack of zealousness did not result in any discernable actual prejudice to appellant, in that even plainly competent and zealous counsel fails to demonstrate evidence or arguments which could have been presented but which were not, then again there is no actual prejudice; hence, there is no ineffectiveness.

Prior counsel denounced himself as ineffective for failing to present defense witnesses to shake the compelling testimony of the three eye-witnesses in this case. His premise is false. Counsel is not a guarantor of the outcome of the trial, nor may counsel ethically or legally present false evidence to a court. When a defendant's guilt is demonstrable, as here, the absence of a viable defense is the result of the defendant's guilt and not counsel's ineffectiveness. Nothing in this record suggests a contrary explanation for the determination of guilt.

Here, the Commonwealth argues strongly, with references to the record, that prior defense counsel merely *feigned* ineffectiveness to plant reversible error in an obviously losing cause. Such a claim is plausible, where as here the case hinges on eyewitness testimony which might be weakened by age or simply become unavailable by the time a retrial, if any, was scheduled.

However, as appellant failed to identify a single instance of ineffectiveness, we need not reach the problematic issue of what effect *intentional* ineffectiveness by unethical counsel would have on an appellant's rights. It is enough to note here, that actual prejudice is a *sine qua non* of ineffectiveness claims.

Judgment of Sentence is Affirmed.

POPOVICH, J., concurs in the result.