652 A.2d 386

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bernard JONES.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1994.

Filed Jan. 11, 1995.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellant.

John J. McMahon, Jr., Philadelphia, for appellee.

Before OLSZEWSKI, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is a Commonwealth appeal from the November 8, 1993 order in which the trial court granted appellee, Bernard Jones, a new trial based on its conclusion that trial counsel rendered ineffective assistance when counsel failed to present character evidence at appellee's trial. We reverse.

The relevant facts follow. Appellee initially was tried and convicted of aggravated assault, robbery, and three related charges on May 29, 1991. His defense in 1991 was alibi, and he presented evidence that he had been shoveling snow at the time of the incident. He won a new trial following that conviction based on the fact that the public defender's office was ineffective for failing to present evidence regarding the level of snow fall both prior to and on the day of the robbery. The Commonwealth elected not to appeal that ruling.

The evidence presented at appellee's second trial follows. Eddie Green testified that on December 13, 1989, he was working in the store which he had owned for sixteen years at 6373 Chew Avenue, Philadelphia. At approximately 5:15 p.m., while alone in the middle of the store, he bent over to get himself a soda when appellee entered the store holding one of his hands behind his back. Mr. Green looked up, saw him, and bent back down to retrieve the soda. When he looked up again, appellee was displaying a sawed-off shotgun and shaking it in his face.

Mr. Green immediately recognized appellee since approximately two days prior to the incident, appellee had entered his store in order to sell him an item. Fearing that it was stolen,

Mr. Green declined to buy the item and informed appellee that he did not deal in stolen goods. Mr. Green also knew appellee from casual contact in the area. Mr. Green stated that appellee would pass by "my store a lot of times on the street and sometimes I'd be standing in the door because no one is in the store and I was catching a little fresh air and I saw him walking up and down the street lots of times." Notes of Testimony, 12/10/92, at 107.

When appellee displayed the sawed-off shotgun, he informed Mr. Green that "this is a stickup. . . . And he said if I pull my gun he said he'll blow my head off." *Id.* at 108. Mr. Green, who did keep a gun behind the counter, stated that he had no money, but he nonetheless began walking toward the cash register. Mr. Green suddenly bent down to pick up a crate located on the floor, and appellee fired the gun at Mr. Green's face, missing it by inches. The victim fell back against a video machine and threw the crate at appellee, who dropped the gun and fled. Mr. Green immediately telephoned police.

Philadelphia Police Officer Albeon Slade testified that he was cruising in a marked vehicle and was the first officer to respond to the report of the robbery. Officer Slade saw the sawed-off shotgun on the floor of the store, took it into custody,[1] and then took a description of the perpetrator. By that time, Philadelphia Police Officers Robert Stott and Charles Yeiter had arrived. Mr. Green described his assailant as a black male and "[a] fairly short gentleman, approximately five six, five seven, scruffy looking, had on what appeared to be . . . a three-quarter length jacket, it was dark in color, possibly black or brown." *Id.* at 72.

Officers Stott and Yeiter immediately left to search for the suspect. They went one block to 6700 Musgrave Street where they observed appellee, who had a mustache and was wearing a black leather jacket, walking briskly. The officers stopped appellee, and Officer Stott testified:

1. The shotgun was introduced into evidence at trial and had one spent shell inside it.

I interviewed him and asked him where he was coming from.

His first answer was that he was pulling the trash out from his girlfriend's apartment.

I asked him some personal information about his name, his address and things of that nature.

Then I again asked him where he was coming from the second time.

At that time he told me he was going to a store to get a soda.

I asked him a couple other questions, his Social Security number, things of that nature.

Then I asked him a third time where he was coming from. He said he was going to I think a friend's apartment is how he put it.

At this time he was being a little evasive. And he matched the description that was given to us.

N.T., 12/11/94, at 38. Since appellee matched the description of the perpetrator and answered questions inconsistently, Officers Stott and Yeiter transported him to the store, where Mr. Green immediately and positively identified him as the assailant.

In his defense, appellee presented numerous witnesses for whom he had shoveled snow that winter in an attempt to establish that he was shoveling snow at the time of the robbery. However, the witnesses were vague about the times and dates that appellee shoveled snow for them since he did it according to his own schedule. In rebuttal, the Commonwealth introduced the testimony of Officer Yeiter who stated that appellee had no snow-shoveling equipment with him at the time he was stopped. We also observe that this alibi defense conflicted with Officer Stott's testimony about what appellee told the officer on the day of the incident when the officer questioned appellee about what he was doing at the time of the crime.

Based on this evidence, appellee was convicted of robbery, carrying a prohibited offensive weapon, attempted theft, sim-

ple assault, and aggravated assault. Following the verdict, appellee moved for a new trial, and trial counsel argued, *inter alia*, that she had rendered ineffective assistance in failing to present character evidence in appellee's defense.

The argument was two-fold. Counsel argued that she was ineffective in failing to present a motion in limine regarding appellee's eleven-year-old conviction of possession of a prohibited offensive weapon, positing that due to the age of the conviction, the trial court would not have permitted cross-examination of character witnesses regarding their knowledge of the same. Once the motion in limine was granted, counsel continued, she then would have presented the character witnesses.

A hearing where appellee was represented by new counsel was held. The Commonwealth first expressed its frustration and noted that this was the second time the public defender's office was arguing its own ineffectiveness. At the first trial, defense counsel, well aware that appellee's defense was that he was shoveling snow, failed to procure the relevant weather reports.

Appellee's second trial counsel, who had nine years experience with the public defender's office, admitted at the hearing that she was aware of the age and nature of appellee's prior conviction before trial. She also acknowledged that she deliberately decided not to pursue a motion in limine since the prior offense, possession of a prohibited offensive weapon, was so similar to the weapons offense at issue in this action. She was candid that she did not consider presenting character witnesses because she "thought it was dangerous to get into an area that the prior gun case might come out since a gun was in this case...." N.T., 11/8/93, at 24.

At the hearing, no one mentioned the name of a single proposed character witness. However, trial counsel speculated that she should have asked the alibi witnesses who testified whether appellee had a reputation in the community for being law-abiding citizen. No evidence at the hearing was offered to establish that the alibi witnesses would have testified that they

knew appellee's reputation in the community. Likewise, there was no evidence presented that the witnesses would have been able to testify that appellee's reputation was that of being law-abiding. *Compare Commonwealth v. Weiss*, 530 Pa. 1, 606 A.2d 439 (1992), where the post-trial evidence included testimony of numerous witnesses who said they would have testified as to defendant's good character and as to the bad character of defendant's estranged wife. Further, the *Weiss* case involved allegations that the defendant abused his daughter and that his wife had manufactured the allegations so that the testimony was of extreme importance.

After appellee was granted a new trial due to counsel's failure to present character evidence, the Commonwealth filed this appeal. Initially, we must observe that there is a *presumption* that trial counsel rendered effective assistance, and the party challenging the propriety of counsel's conduct bears the burden of *proving* otherwise. *Commonwealth v. Cross*, 535 Pa. 38, 634 A.2d 173 (1993).

If the allegation is that counsel was ineffective for failing to present a witness or witnesses, the defendant has a four-fold test to meet. In *Commonwealth v. Stanley*, 534 Pa. 297, 632 A.2d 871, 872 (1993), our Supreme Court stated:

> The Superior Court in *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987), has properly assessed the elements determinative of a claim of ineffectiveness for failure to interview and/or present a witness. The existence and availability of the witness must be shown, as well as counsel's actual awareness of, or duty to know of the witness; the witness' willingness and ability to cooperate and appear on the defendant's behalf; and the necessity for the proposed testimony in order to avoid prejudice. *Id.* at 377, 534 A.2d at 485.

In the present case, appellee had the benefit of a full hearing to establish the merits of his claim. It is clear that there was absolutely no evidence presented at that hearing that proposed witnesses were willing and able to substantiate that appellee had a general reputation in the community for

being a law-abiding citizen. Indeed, not one witness was named. There was one vague reference to the fact that the alibi witnesses should have been asked questions about appellee's character in the community. However, there is no indication at all that these witnesses either knew appellee's reputation in the community or knew that appellee's character was that of a law-abiding citizen.

We recently stated:

> Our Supreme Court has held that the failure to call a witness is not *per se* ineffective assistance of counsel. *Commonwealth v. Smallwood*, 497 Pa. 476, 442 A.2d 222 (1982). The decision whether to call a witness generally involves a matter of trial strategy. *Commonwealth v. Davis*, 381 Pa.Super. 483, 554 A.2d 104 (1989). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. [668], 688, 690–91 [104 S.Ct. 2052, 2064–65, 2066, 80 L.Ed.2d 674] (1984). The failure to call a possible witness will not be equated with a conclusion of ineffectiveness, absent *some positive demonstration that the testimony would have been helpful to the defense. Commonwealth v. Davis*, 381 Pa.Super. at 496, 554 A.2d at 111 (citing *Commonwealth v. Bulard*, 305 Pa.Super. 502, 451 A.2d 760 (1982).

*Commonwealth v. Poindexter*, 435 Pa.Super. 509, 522, 646 A.2d 1211, 1216–17 (emphasis added). Herein, there was no *positive* evidence that any specific witness would have presented evidence helpful to the defense. Accordingly, there was no evidentiary basis upon which the trial court could have granted appellee a new trial.

Finally, the evidence at the hearing established that counsel had all the relevant facts at her disposal prior to trial.[2] She deliberately, as her testimony conclusively establishes, decided

---

2. Trial counsel initially *claimed* that she did not know that the firearm which appellee was convicted of possessing was a pen-gun which is a pen which has been converted into a gun. However, the notes of testimony of appellee's suppression hearing establish that counsel knew that it was a pen-gun. N.T., 12/17/92, at 96–97.

not to question the witnesses about appellee's reputation due to appellee's prior conviction of possession of a prohibited offensive weapon. Now, in hindsight, she faults herself and attempts to gain a new trial for appellee. This is the second time the public defender's office has expressed that it has made a mistake and then requested a new trial for appellee based solely on protestations of its own error. "Self-accusations of ineffectiveness by prior counsel by their very nature could *never* be conclusive proof of ineffectiveness." *Commonwealth v. Wells*, 396 Pa.Super. 70, 578 A.2d 27, 33 (1990) (emphasis in original). This rule is necessary to prevent trial counsel from making deliberate decisions to seed a trial with an ineffectiveness claim in order to win a new trial if necessary. *Id.* The only proof appellee has to the effect that character evidence should have been presented at trial is his counsel's vague, unsubstantiated claims to having made a mistake which was made deliberately with all relevant facts at her disposal.

Order reversed and case remanded for resolution of appellee's remaining post-trial motions and if appropriate, for sentencing. Jurisdiction relinquished.