J. S38011/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LAMARTH DUBOSE, | : | No. 1900 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 7, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009242-2008

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED AUGUST 27, 2014**

Appellant, Lamarth Dubose, appeals from the order of June 7, 2013, denying his first petition for post-conviction relief.  We affirm.

The PCRA court accurately summarized the facts of the case as follows:

> On June 25, 2005, the complainant, Mattie Epps (Epps), went to her daughter Carolyn's home at 426 North Gross Street.  Epps arrived at her daughter's house at approximately 1:00 P.M. to attend a cookout in honor of her grandson's graduation [from kindergarten].  Around 7:30 P.M., [sisters] Niemah Thomas (["Niemah"]), Nydia Thomas (["Nydia"]) and their children arrived. At 9:00 P.M., [Nydia's] son C.C. went on the porch and began dancing with his grandmother who was waiting for a ride home.  [Nydia] was in the backyard getting food and [Niemah] was standing in the doorway of the home.  While [Niemah] was standing in the doorway, she saw two (2) men across the street standing in between two (2) flatbed

trucks. The streetlights were on as well as the porch lights and the lights inside of the home. [Niemah] observed the appellant pass an object to a taller male. When the taller male raised the object in the air, [Niemah] saw that he was holding a gun. [Niemah] saw the taller male cock the gun and then both men began to run toward the house. As the men ran toward the house, [Niemah] ran inside the house. Epps heard the gunshots then she pushed C.C. into the house and onto the floor. After the shooting ended, Epps carried C.C. to the couch and realized that he had been shot in his face and she was shot in her back below her right shoulder bone, causing a rib fracture. The police were called and Epps was taken to University of Pennsylvania Hospital, and C.C. was taken to Children's Hospital of Philadelphia.

PCRA court opinion, 9/20/13 at 2-3.

Both of the victims survived their injuries. On May 8, 2009, a jury convicted appellant of two counts of aggravated assault, criminal conspiracy, possessing an instrument of crime, knowing and intentional possession of a controlled substance, and two violations of the Uniform Firearm Act. On June 11, 2009, the Honorable Lillian H. Ransom sentenced appellant to a term of imprisonment of ten to twenty years for criminal conspiracy and five to ten years for aggravated assault, to be served consecutively. No further penalty was imposed for the remaining offenses.

Appellant filed a direct appeal challenging the weight and sufficiency of the evidence with respect to each of his convictions, in particular, the identification evidence used to establish his identity as a perpetrator in the shootings. This court affirmed on September 2, 2010, and on March 29,

2011, our supreme court denied allocatur. **See Commonwealth v. Dubose**, 13 A.3d 970 (Pa.Super. 2010) (unpublished memorandum), **appeal denied**, 19 A.3d 1049 (Pa. 2011).

Appellant filed a timely **pro se** PCRA[1] petition on September 7, 2011. Counsel was appointed and filed an amended PCRA petition on October 11, 2012. On May 15, 2013, the PCRA court entered an order giving appellant notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss his petition without further hearing. On June 7, 2013, the PCRA court dismissed appellant's petition. A timely appeal was filed on June 21, 2013. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the PCRA court has filed an opinion.

Appellant has raised the following issue for this court's review:

> Is the defendant entitled to a remand to the PCRA Court for a full evidentiary hearing where the PCRA Court erred in dismissing without a Hearing even though the defendant properly pled and would have been able to demonstrate that he was entitled to relief; or, in the alternative, is the defendant entitled to relief in the form of a new trial to be granted by this Court based upon the papers filed by the defendant?

Appellant's brief at 3.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

> not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007).

Appellant argues the PCRA court erred in dismissing his petition without an evidentiary hearing. (Appellant's brief at 11.)

> The right to an evidentiary hearing on a post-conviction petition is not absolute. A hearing may be denied if a petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. A post-conviction petition may not be summarily dismissed, however, as 'patently frivolous' when the facts alleged in the petition, if proven, would entitle the petitioner to relief.

***Commonwealth v. Granberry***, 644 A.2d 204, 208 (Pa.Super. 1994), citing ***Commonwealth v. Box***, 451 A.2d 252 (Pa.Super. 1982).

In his amended PCRA petition, appellant claimed trial counsel was ineffective for failing to (1) preserve his request for a ***Kloiber***[2] instruction, (2) file a motion to suppress, or (3) object to alleged prosecutorial misconduct. As appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the

---

[2] ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

Appellant argues that counsel was ineffective for failing to preserve his request for a jury instruction pursuant to ***Kloiber***, ***supra***, in order to caution the jury regarding Niemah Thomas' testimony. In ***Kloiber***, our supreme court explained that

> [w]here the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution -- indeed the cases say that "his [positive] testimony as to identity may be treated as the statement of a fact". . . .
>
> On the other hand, where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the [c]ourt should warn the jury that the testimony as to identity must be received with caution.

***Kloiber***, 106 A.2d at 826-827 (citations omitted).

Instantly, Niemah Thomas explicitly identified appellant as one of the assailants at trial and at the preliminary hearing. (Notes of testimony, 5/7/09 at 61, 69-70.) Ms. Thomas testified that before the shooting, appellant and his cohort caught her attention as they were standing between two flatbed tow trucks. (*Id.* at 59.) She stated they "stood out" and they were dressed in "black and dark colors." (*Id.* at 59, 66.) According to her testimony, she was standing in the doorway with the screen door open, her view was unobstructed, and the two men were standing directly under a streetlight approximately 30 to 35 feet away. (*Id.* at 60-61, 68, 88.) Ms. Thomas also indicated that neighboring houses had their porch lights on. She stated, "It was almost like a block party. Everyone had [] their porch lights on." (*Id.* at 100.) When asked on re-direct examination if she had any doubts about her identification of appellant, she replied that she had "no doubt." (*Id.* at 114.) Clearly, her identification of appellant was positive and unshaken.

Based on this record, Ms. Thomas' identification of appellant was not sufficiently speculative as to warrant a *Kloiber* instruction. *See Commonwealth v. Ali*, 10 A.3d 282, 304 (Pa. 2010) (counsel was not ineffective for failing to request a *Kloiber* instruction where the witness "was uncertain as to some specific details," but "never equivocated in her identification"). Because the *Kloiber* instruction was not warranted, counsel cannot be deemed ineffective for failing to preserve his request for the

instruction for appeal purposes. ***See Commonwealth v. Koehler***, 36 A.3d 121, 144 (Pa. 2012) ("counsel cannot be deemed ineffective for failing to raise a meritless claim").

Next, appellant argues that counsel was ineffective for not filing a motion to suppress Niemah Thomas' identification of appellant at the preliminary hearing. Appellant contends Ms. Thomas was told by the District Attorney's office that the man who committed the crime would be in court sitting next to the defense attorney. (Appellant's brief at 14.) When determining the admissibility of identification testimony, this court has held that

> [s]uggestiveness in the identification process is a factor to be considered in determining the admissibility of such evidence, but "suggestiveness alone does not warrant exclusion." A pretrial identification will not be suppressed as violative of due process rights unless the facts demonstrate that the identification procedure was so infected by suggestiveness "as to give rise to a substantial likelihood of irreparable misidentification."

***Commonwealth v. Bruce***, 717 A.2d 1033, 1037 (Pa.Super. 1998) (citation omitted), ***appeal denied***, 794 A.2d 359 (Pa. 1999).

Instantly, there is no evidence in the record to support appellant's claim that the Commonwealth told Ms. Thomas the man who did the crime would be in court and sitting next to the defense attorney. At trial, Ms. Thomas was asked if she went to a line-up or if she was shown a photo spread. (Notes of testimony, 5/7/09 at 68.) Ms. Thomas responded that

she did not go to a line-up; however, she was shown photos but did not get a chance to identify anyone. (*Id.* at 68-69.) She explained that "this was all the same night it happened and she was anxious to get to the hospital." (*Id.* at 69.) She was then asked if she remembered attending the preliminary hearing in July of 2008 and if she remembered identifying appellant. She responded, "Yes." (*Id.*) When asked, "Why did you identify him? Was it because he was the only person standing there next to his lawyer?" (*id.*), she answered, "No. It was because when I saw him, it clicked." (*Id.* at 69-70.) Ms. Thomas was asked if she could be mistaken, and she replied, "No." (*Id.* at 70.)

Based on the above, there is no merit to appellant's argument. Consequently, counsel cannot be deemed ineffective for failing to file a motion to suppress identification evidence on a patently meritless claim. *Commonwealth v. Bryant,* 855 A.2d 726, 742 (Pa. 2004).

Last, appellant claims trial counsel was ineffective for not objecting to alleged prosecutorial misconduct by the Commonwealth. Appellant alleges that the trial court ordered the Commonwealth to conduct a line-up for Niemah Thomas. Appellant contends the Commonwealth committed misconduct by calling Ms. Thomas as a witness even though she "had never been subjected to the ordered line-up." (Appellant's brief at 15.)

Our supreme court has instructed that the "essence of a finding of prosecutorial misconduct is that the prosecutor . . . has abused [their

position of] trust in order to prejudice and deliberately mislead the jury."

*Commonwealth v. Pierce*, 645 A.2d 189, 197 (Pa. 1994) (citations omitted). Instantly, appellant has failed to proffer any evidence that a line-up was actually ordered. By his own admission, appellant's counsel states, "this counsel has searched the docket entries via the official Court of Common Pleas internet site, and finds no such order." (Appellant's brief at 15.) He claims, however, that does not mean that no such order exists. (*Id.*) It is well settled that a defendant is not entitled to an evidentiary hearing unless he proffers evidence to substantiate his claim.

> [R]emand for an evidentiary hearing is not a discovery tool wherein counsel may conduct investigation and interrogation to search for support for vague or boilerplate allegations of ineffectiveness. Rather, appellant must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective, *before* remand for an evidentiary hearing will be granted. *Commonwealth v. Petras*, [534 A.2d 483, 487 (Pa.Super. 1987).]

*Commonwealth v. Wells*, 578 A.2d 27, 32 (Pa.Super. 1990), *appeal dismissed as improvidently granted*, 606 A.2d 1171 (Pa. 1992).

Instantly, the prosecutor could not have engaged in misconduct if the court did not order a line-up. Counsel cannot be deemed ineffective for failing to object to alleged misconduct absent evidence that the misconduct actually occurred. *See Commonwealth v. Simpson*, 66 A.3d 253, 266 (Pa. 2013) (PCRA court properly dismissed petition without an evidentiary

hearing where appellant "simply suggested" that police made a deal with the witness "without proferring any evidence" in support).

Accordingly, we conclude that the PCRA court did not err in dismissing appellant's amended PCRA petition without holding a hearing. Having found no merit to the issues raised on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014