J-S23017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA M. CULLEY | : | |
| | : | |
| Appellant | : | No. 121 MDA 2022 |

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000311-2017

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED NOVEMBER 09, 2022**

Joshua M. Culley appeals from the order denying his Post Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541–9546. Culley maintains that his trial counsel was ineffective. We affirm.

A panel of this Court previously summarized the facts as follows:

> The victim met Culley when she started working at Renewal by Anderson in November of 2016. Culley was one of the employees assigned to train her. During a cigarette break on the Friday of her first week, the victim and Culley exchanged phone numbers and made plans to hang out after work.
>
> The victim and her cousin, S.S., later went to Culley's parent's home. Culley was waiting outside for them when they arrived and led them into his room, which was located in the basement attached to the garage.
>
> Shortly after getting there, Culley went upstairs and brought down a bottle of whiskey. The victim testified that she had

---

[*] Retired Senior Judge assigned to the Superior Court.

about five shots, and both Culley and S.S. had more. Eventually, S.S. became ill and spent the remainder of the night in the bathroom. Thereafter, the victim periodically checked in on her cousin in the bathroom.

Around the third time the victim checked in on S.S., Culley pushed her back onto his bed and climbed on top of her. He took her pants and underwear down and began having vaginal intercourse with her. When the victim told him to stop and yelled for help he hit her in the face. S.S. heard her cousin yelling, but was too incapacitated to help. Culley held her down by holding both of her arms above her head with one hand, and at one point held her throat down with the other hand. The assault lasted around five minutes, at which time Culley went upstairs. The victim collected her things and carried S.S. up the stairs they had come down and drove home.

After leaving work the next day, the victim went to Holy Spirit hospital for a rape kit. She later went home and told her mother what had happened.

On Sunday morning, the victim went to the Silver Spring Township Police Department where she spoke with Detective Andrew Bassler and gave a written statement.

While at the police station, the victim made a consensual (recorded) phone call to Culley, with Detective Bassler and Detective Carrie Webber present. Culley ultimately returned her call after she texted him that she needed to talk. During the phone call, Culley stated, "I don't want this to sound completely horrible, but did you like agree at all at first or did I like rape you."

*Commonwealth v. Culley*, No. 1081 MDA 2018, 2019 WL 2564536, at *1 (Pa.Super. filed June 21, 2019) (unpublished memorandum).

On November 3, 2017, a jury found Culley guilty of one count each of rape, sexual assault, and unlawful restraint. He was sentenced to 92 to 184 months of incarceration followed by 60 months of probation on the rape charge; a concurrent 60 to 120 months of incarceration on the sexual assault

- 2 -

charge; and a concurrent six to 12 months of incarceration followed by 48 months of probation on the unlawful restraint charge. Culley filed a post-trial motion, which was denied. Culley appealed, and we affirmed his judgment of sentence on June 21, 2019. *Id*. The Pennsylvania Supreme Court denied Culley's petition for allowance of appeal on December 31, 2019.

On June 1, 2020, Culley filed a *pro se* PCRA petition, his first. Counsel was appointed who filed an amended PCRA petition on January 12, 2021. An evidentiary hearing on the petition was held on August 16, 2021. On December 17, 2021, the PCRA court denied the petition. This appeal followed. Culley raises six issues for our review:

1. Did the PCRA [c]ourt err by denying Culley's claims that [t]rial [c]ounsel was ineffective for failing to call character witnesses to the stand, even after PCRA hearing testimony that [Culley] and his father had urged otherwise and had several (including female witnesses) available and willing to testify on behalf of [Culley], and when [t]rial counsel George M[a]tangos' hearing testimony indicated that he knew that [Culley] and his father wanted character witness testimony.

2. Did the PCRA [c]ourt err by denying Culley's claims that [t]rial [c]ounsel was ineffective for failing to adequately address possible Brady violation including delayed witness statements and as a result continued on with the trial without proper preparation, even when [t]rial counsel George M[a]tangos admitted in hearing testimony regarding this issue: "I said I made some mistakes. And that may have been one of the bigger ones..."

3. Did the PCRA [c]ourt err by denying Culley's claims that [t]rial [c]ounsel was ineffective for failing to adequately explore whether complainant's sexual infidelity to her boyfriend was a possible reason to fabricate complaint.

4. Did the PCRA [c]ourt err by denying Culley's claims that [t]rial [c]ounsel was ineffective for failing to adequately question complainant regarding inconsistent statements including those that she made at the time of the trial.

5. Did the PCRA [c]ourt err by denying Culley's claims that [t]rial [c]ounsel was ineffective for failing to adequately address and/or file a motion to suppress questionable one-party-consent recorded phone calls.

6. Did the PCRA [c]ourt err by denying Culley's claims that [t]rial [c]ounsel was ineffective for failing to adequately address Commonwealth's false and/or misleading opening statement regarding semen that was found in complainant.

Culley's Br. at 5.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Culley's issues on appeal challenge the effectiveness of his trial counsel. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). An ineffectiveness claim requires a petitioner to plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for the challenged action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Velazquez*,

216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012).

In deciding whether counsel lacked a reasonable basis, "a court will not find counsel to be ineffective if the particular course chosen by counsel had some reasonable basis designed to effectuate" the defendant's interest. ***Commonwealth v. Williams***, 899 A.2d 1060, 1063-64 (Pa. 2006) (quoting ***Commonwealth v. Rivera***, 773 A.2d 131, 140 (Pa. 2001). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." ***Id.*** at 1064.

**<u>Character Witnesses</u>**:

Culley first argues trial counsel was ineffective for failing to call character witnesses at his trial. Culley contends that counsel knew he wanted character testimony and had several character witnesses available and willing to testify on his behalf at trial. Culley's Br. at 12. He also argues he presented seven character witnesses at the PCRA hearing to testify that they were available and willing to testify at trial as to Culley's reputation for peacefulness and honesty. ***Id.*** at 12-13. He points out that the Commonwealth stipulated at the PCRA hearing that these witnesses were available at trial to testify as character witnesses. ***Id.*** According to Culley, trial counsel's failure to call these witnesses resulted in actual prejudice to him because testimony about his reputation for honesty and non-violence would have bolstered the credibility of his claim that he did not rape the victim. ***Id.*** at 13-14, 28.

A criminal defendant may offer evidence of a pertinent character trait as substantive evidence that the defendant did not commit a charged crime. *See* Pa.R.E. 404(a)(2)(A). "Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case," and "is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence." *Commonwealth v. Goodmond*, 190 A.3d 1197, 1201 (Pa.Super. 2018) (citation omitted). However, "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." *Commonwealth v. Treiber*, 121 A.3d 435, 498 (Pa. 2015). Rather, to succeed on such a claim, a petitioner must establish the following:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Goodmond*, 190 A.3d at 1202 (citation omitted).

The decision whether to call a certain witness usually involves a matter of trial strategy. *See Commonwealth v. Jones*, 652 A.2d 386, 389 (Pa.Super. 1995). The failure to present character witnesses may be excused if counsel "had a reasonable basis for failing to present character witnesses at appellant's trial." *Commonwealth v. Weiss*, 606 A.2d 439, 442 (Pa. 1992). If a defendant raises the issue of his good character, evidence of prior, non-*crimen falsi* convictions may be admissible. *Commonwealth v. Murphy*, 182 A.3d 1002, 1008 (Pa.Super. 2018).

- 6 -

Here, trial counsel admitted in his testimony at the PCRA hearing that Culley wished to present character witnesses. However, counsel stated Culley never gave him a list of the witnesses' names, except for his aunts' names, despite counsel's request. N.T. PCRA Hearing, 8/16/21, at 41-42. Counsel also testified he explained to Culley he was concerned that the testimony of any potential character witness as to Culley's reputation for law-abidingness would allow Culley's prior criminal convictions to be admissible on cross-examination, in addition to his history of alcohol use. *Id.* at 40-41. Counsel stated he ultimately decided it was in Culley's best interest not to call character witnesses. *Id.* at 41.

The PCRA court found counsel's decision reasonable. PCRA Court Opinion, filed 12/17/21, at 2. The court opined that Culley's non-*crimen falsi* convictions, especially two convictions for possession with intent to deliver and three convictions for driving under the influence("DUI"), would have been rendered admissible by the presentation of character testimony. *Id.* at 4. It noted the admission of Culley's DUI's, in particular, would have corroborated "the victim's narrative in terms of the role that she assigned to alcohol in the events of that evening." *Id.* Accordingly, the court concluded that counsel acted in the realm of reasonable professional judgment in deciding to not call character witnesses. *Id.*

The PCRA court did not err. Trial counsel's decision not to call character witnesses was a reasonable trial strategy. *See Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa.Super. 2002) (concluding that trial counsel had

a reasonable trial strategy for not calling character witnesses because he believed they would be questioned about appellant's prior convictions, and thus, was not ineffective); *see also Commonwealth v. Morales*, 701 A.2d 516, 526 (Pa. 1997) (concluding "[t]rial counsel cannot be deemed ineffective for failing to present character witnesses who could have been cross-examined about appellant's prior bad acts."). Since the record supports the PCRA court's determination that trial counsel had a reasonable basis for not calling character witnesses, Culley's first issue is without merit.

## *Brady* Issue:

Culley next argues trial counsel was ineffective for failing to object to a possible *Brady*[1] violation, including a witness statement by S.S., the victim's cousin who was present on the night of the incident, that the prosecution turned over to defense counsel in the middle of the trial. Culley's Br. at 14. Culley contends that because the Commonwealth failed to timely produce this evidence, defense counsel was unable to adequately prepare and cross-examine S.S. about numerous inconsistencies in her statements. *Id.* at 14, 34.

During the trial, the Commonwealth conceded it had inadvertently failed to turn over to defense counsel a disk of a 46-minute police interview of S.S.:

> [The Commonwealth]: Your Honor, at this point it appears that the Commonwealth from the police department was

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

provided two copies of one interview mistakenly and not provided the audio recording and audio and video recording of the interview with [S.S.] I did not have it prior to this very moment, which means defense counsel doesn't have it.

N.T. Trial, 10/31/17, at 165-66; **see also** Commonwealth's Br. at 19-20, 23.[2]

The Commonwealth thereafter provided defense counsel with the disk. N.T. Trial, at 168. Counsel asked to review the disk overnight and resume cross-examination of the detective the next morning, and the court agreed. **Id.** at 168, 172-73. Counsel indicated the next day at trial that he reviewed the interview and he did not intend to recall S.S. for any additional cross-examination. **Id.** at 176. Counsel testified at the PCRA hearing that he had had adequate time to review S.S.'s police interview and that he was able to effectively cross-examine her at trial. N.T. PCRA Hearing, at 33-34.

The PCRA court found that while the Commonwealth delayed in producing certain evidence, defense counsel's thorough cross-examination of S.S. belied any claim of prejudice. PCRA Ct. Op. at 8. The court noted counsel already possessed most of the relevant evidence prior to trial and was able to adequately review S.S.'s late-produced interview. **Id.** 8-9.

No relief is due on this claim. Despite Culley's claim that having S.S.'s interview prior to trial "would have aided counsel in cross-examination

---

[2] Trial counsel testified that he already knew about other statements and text messages that he received from the Commonwealth prior to trial. It was only S.S.'s police interview that was considered new material. N.T. PCRA Hearing, at 33-34.

regarding numerous inconsistences[,]"[3] Culley fails to identify any specific inconsistent statement or evidence that the interview revealed. Moreover, the record demonstrates that counsel extensively cross-examined S.S. on numerous inconsistencies. They included whether she was "black out drunk" or just sick from drinking alcohol, whether she smoked a marijuana "blunt" rather than a "bowl," whether Culley brought her food while she was sick in the bathroom, and her general recollection of the night in question. **See** N.T. Trial, at 112-125. Thus, counsel had a reasonable basis not to object to a purported **Brady** violation when he had an adequate opportunity to review the evidence and made a strategic decision not to recall S.S.

**Rape Shield Law**:

Culley next argues trial counsel was "ineffective for failing to adequately explore whether [the victim's] sexual infidelity to her boyfriend was a possible reason to fabricate [the] complaint." Culley's Br. at 39. According to Culley, counsel should have cross-examined the victim on this issue "to place into evidence that the alleged victim had possible issues with her boyfriend, the subject of which was the alleged victim's infidelity and the alleged victim[] engaging in sexual intercourse with other men other than the alleged victim's boyfriend." **Id.**

Trial counsel testified at the PCRA hearing that he did not pursue this issue because he had no actual proof of the victim's infidelity. N.T. PCRA

---

[3] **See** Culley's Br. at 34.

Hearing, at 36. Counsel further explained he was limited in his questioning of the victim due to the Rape Shield Law. ***Id.***

The PCRA court found that evidence of any alleged infidelity by the victim would have been inadmissible under the Rape Shield Law. PCRA Ct. Op. at 7. The Rape Shield Law was enacted to "prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim . . . [and] to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." ***Commonwealth v. K.S.F.***, 102 A.3d 480, 484 (Pa.Super. 2014) (citations omitted). The statute generally precludes evidence of the alleged victim's past sexual conduct, including specific instances, opinion evidence and reputation evidence. 18 Pa.C.S.A. § 3104(a). However, "the protection afforded to the complainant by the Rape Shield Law does not act to prohibit relevant evidence which may exculpate a defendant of the crime with which he is charged." ***Commonwealth v. Spiewak***, 617 A.2d 696, 699 (Pa. 1992). The Law requires a defendant who seeks to offer evidence of the victim's prior sexual conduct "file a written motion and offer of proof at the time of trial." 18 Pa.C.S.A. § 3104(b).

This case presents facts akin to ***Commonwealth v. Berkowitz***, 641 A.2d 1161 (Pa. 1994). There, the defendant, who had been charged with rape, sought to introduce evidence of the jealous nature of the victim's boyfriend. ***Id.*** at 1165. Like here, the defendant claimed that sexual intercourse with the victim had been consensual and alleged it was the victim's fear of her boyfriend's jealousy that had motivated her to accuse the defendant of rape.

*Id.* In finding that the trial court had properly excluded this evidence, our Supreme Court stated:

> The allegation that the victim and her boyfriend had argued over the issue of her infidelity is so closely tied to the issue of the victim's fidelity itself that, for the purposes of the Rape Shield Law, they are one and the same. **This is precisely the type of allegation regarding past sexual conduct from which the Rape Shield Law is specifically designed to protect victims**.

*Id.* (citations omitted) (emphasis added).

Here, Culley offers no specific reason that he believes the Rape Shield Law would not bar the proposed evidence in this case. Moreover, the record is devoid of evidence of any alleged infidelity on the part of the victim. In fact, the victim testified that she did not have a boyfriend at the time of the incident. *See* N.T. Trial, at 69-70. It was reasonable for trial counsel not to pursue this defense since it was unsupported by record evidence. Accordingly, counsel was not ineffective.

**<u>Victim's Statements</u>**:

Culley next argues trial counsel was ineffective for failing to adequately question the victim regarding inconsistent statements, including those that she made at the time of the trial. Culley's Br. at 5.

Although this issue is listed as the fourth issue in Culley's statement of the questions involved, the argument section of Culley's brief does not contain a separate section on this issue, in violation of Pennsylvania Rule of Appellate

Procedure 2119(a).[4] Instead, Culley has combined this issue with the discussion of the **Brady** claim in a single section titled "**Brady** [V]iolation Inconsistent Statements." **See** Culley's Br. at 36-38. However, because Culley's failure to comply with Rule 2119(a) does not impede our review, we decline to find waiver. **But see In re R.D.**, 44 A.3d 657, 674 (Pa.Super. 2012) (finding waiver where Rule 2119(a) violation impeded "meaningful appellate review").

Culley generally argues that trial counsel should have cross-examined the victim about her prior inconsistent statements. However, Culley fails to specify what those inconsistent statements were, only stating that the "police reports and the transcript of the preliminary hearing bear out these inconsistencies[.]" Culley's Br. at 37-38. Moreover, the record indicates that trial counsel thoroughly cross-examined the victim at trial about numerous inconsistences. **See** N.T. Trial, at 46-50, 61-62, 74-75, 92-94. Counsel reiterated at the PCRA hearing that he brought out inconsistencies between the victim's testimony at trial and her statements to police. N.T. PCRA Hearing, at 37-38. Thus, we find no error in the PCRA court's determination that this claim lacks arguable merit. **See** PCRA Ct. Op. at 8.

---

[4] **See** Pa.R.A.P. 2119(a) (stating that in an appellate brief, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type distinctively displayed -- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

**Recorded Phone Call**:

As set forth above, while at the police station, the victim made a recorded phone call to Culley, with detectives present. During the phone call, Culley stated, "I don't want this to sound completely horrible, but did you like agree at all at first or did I like rape you." Culley contends that trial counsel was ineffective for failing to file a motion to suppress and/or adequately address this one-party consent phone call. Culley's Br. at 45.

Where a petitioner alleges counsel ineffectively failed to file a suppression motion, "the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa.Super. 2018). "Where the challenge is to a failure to move for suppression of evidence, the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." ***Commonwealth v. Melson***, 556 A.2d 836, 839 (Pa.Super. 1989).

Here, trial counsel testified at the PCRA hearing that he investigated whether to file a motion to suppress the phone call and even consulted with his law partner and paralegal about it. N.T. PCRA Hearing, at 30-31. However, counsel stated they were ultimately unable to find any legal basis on which to file a suppression motion, and he did not want to file a frivolous motion. ***Id.*** at 31-32.

- 14 -

Pennsylvania is a generally a "two-party" consent state, meaning that all parties to a communication must consent to it being recorded. 18 Pa.C.S.A. §§ 5703, 5704(4). However, Section 5704 sets forth several exceptions, including subsection 2, which allows law enforcement to use wiretaps without obtaining prior judicial approval if one of the parties to the conversation consents to the interception. **See** 18 Pa.C.S.A. § 5704(2)(ii); **see also Commonwealth v. Bellamy**, 252 A.3d 656, 667 (Pa.Super. 2021).

Here, Culley fails to provide any legal analysis of any potential basis for the suppression of the wiretap evidence. He does not explain how the requirements of section 5704(2)(ii) were not met, or otherwise set forth an argument that a suppression motion would have been meritorious. Accordingly, Culley has failed to meet his burden and his claim of ineffectiveness fails. **See Commonwealth v. Watley**, 153 A.3d 1034, 1044 (Pa.Super. 2016) (stating counsel will not be found ineffective for failing to file a motion to suppress if the grounds asserted for that motion lack merit).[5]

**Opening Statement**:

Culley's final issue challenges counsel's failure to adequately address the prosecutor's comment in opening statements that Culley's "semen was

---

[5] **See also Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) (stating "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim").

found in [the victim]." Culley's Br. at 44. Culley claims this statement was misleading because Culley's semen was not found in the victim.[6]

Trial counsel testified he made a strategic decision not to object to the statement because he would later address the issue by questioning the DNA expert and in his closing argument. N.T. PCRA Hearing, at 32. The DNA expert testified that Culley could not be excluded as a contributor of the non-sperm fraction on the victim's external genitalia swabs. N.T., Trial at 219-220.

"The purpose of an opening statement is to apprise the jury of how the case will develop, its background, and what will be attempted to be proved[.]" ***Commonwealth v. Parker***, 919 A.2d 943, 950 (Pa. 2007) (citation omitted). Opening statements are not evidence, however, and courts generally "afford [counsel] reasonable latitude in presenting opening arguments to the jury." ***Id.***; ***see also Commonwealth v. Ogrod***, 839 A.2d 294, 334 (Pa. 2003) (stating "[a] prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present his or her arguments with logical force and vigor") (citation omitted).

In finding that counsel was not ineffective for failing to object to the Commonwealth's opening statement, the PCRA court stated:

> Assuming *arguendo* that the Commonwealth's statement was factually untrue, so as to lend arguable merit to [Culley's] claim, and that [trial counsel] lacked any

---

[6] Culley mischaracterizes the prosecutor's opening statement. The prosecutor did not say that Culley's semen was found "in" the victim. Culley's Br. at 42, 44. The prosecutor actually stated, "[Y]ou will also hear the DNA evidence, that [Culley's] semen was present." N.T. Trial, at 20.

reasonable basis for failing to respond to that falsehood, it is plain that [Culley] suffered no prejudice. He admitted to having sexual relations with the victim; indeed, that the encounter was consensual was the crux of his defense. Further, while [Culley] specifically – if immaterially – denied ejaculating, such that the Commonwealth's assertion might be viewed as having a discrediting effect, the victim herself corroborated [Culley's] testimony on this topic. An unrebutted false statement, if such there was here, speaking neither to any material fact nor to the credibility of any witness can work no prejudice.

PCRA Ct. Op. at 5-6 (footnotes omitted).

We agree with the PCRA court that Culley sustained no prejudice. The presence or absence of Culley's DNA on the victim was inconsequential because Culley admitted having sexual intercourse with the victim. Further, any misstatement by the Commonwealth was clarified by the testimony of the DNA expert, as well as defense counsel's argument. Accordingly, this claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022

- 17 -