J-S48034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS EDWARD REITZ, IV | |
| Appellant | No. 236 WDA 2015 |

Appeal from the PCRA Order of January 12, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0006379-2011

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED SEPTEMBER 29, 2015**

Thomas Reitz appeals the January 12, 2015 order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

In a prior opinion, we summarized the pertinent factual history of this case as follows:

> [O]n April 1, 2011, [R.W.] and her fiancé, Adam Pellegrino, attended a party at [Reitz'] apartment.
>
> [R.W.] did not [drink] any alcohol prior to the party, but consumed two beers and a shot of vodka while at [Reitz'] residence.  While she was sitting at the dining room table, [Reitz] started to rub her leg.  [Reitz] then leaned toward [R.W.] and told her he desired to have sexual intercourse with her. [R.W.] pushed [Reitz'] hand away.
>
> An hour later, approximately at midnight, [R.W.] entered the bathroom and closed the door.  Shortly thereafter [Reitz] entered the bathroom uninvited, closed the door behind him, and told [R.W.] to be quiet.  [Reitz] tried to pull [R.W.'s] pants

down as she was trying to pull them up. [R.W.] tried to leave the bathroom, but [Reitz] blocked her escape. [Reitz] put one hand on [R.W.'s] breast and another on her chin while he kissed her neck.

At that point, [R.W.] heard the doorknob jiggle and voices of people outside. [Reitz] yelled out to the people on the other side of the door "It is Ok. Don't worry, we will be out in a minute. She is throwing up." [R.W.,] who had not thrown up, was handed a toothbrush by [Reitz,] and ordered to brush her teeth. [R.W.] stated that she was afraid of [Reitz] because she remembered him showing a gun to people earlier that night.

While she was brushing her teeth, [Reitz] pulled her pants down and thrusted [*sic*] his penis into her vagina. [R.W.] was able to pull away. [Reitz] then pushed her to the floor and attempted to engage in oral sex. [R.W.] shoved him away and lunged toward the handle, opening the door. Adam Pellegrino and his brother Brandon were outside the door. [R.W.] was crying and repeatedly saying that she wanted to go home. [R.W.] did not explain to her fiancé what happened at that time because she was afraid of a confrontation between Adam and [Reitz.] When they went outside and got into Adam's truck, Adam refused to leave until [R.W.] told him what was wrong. After [R.W.] said that [Reitz] had raped her, Adam drove his truck into [Reitz'] vehicle.

* * * *

Following a jury trial, [Reitz] was convicted of sexual assault, unlawful restraint, and simple assault.[1] He was sentenced to 48 to 108 months' incarceration for sexual assault, 3 years' probation for unlawful restraint to be served consecutively to the sentence for sexual assault, and 2 years' probation for simple assault to be served concurrently with the probationary sentence for unlawful restraint.

***Commonwealth v. Reitz***, 1602 WDA 2012, slip op. at 1-4 (Pa. Super. Oct. 25, 2013) (minor modifications for clarity). On October 25, 2013, this Court

---

1    18 Pa.C.S. §§ 3124.1, 2902, and 2701(a)(1), respectively.

affirmed Reitz' judgment of sentence in an unpublished memorandum decision. *See id.* Reitz did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On February 27, 2014, Reitz timely filed a PCRA petition. Therein, Reitz alleged various instances of ineffective assistance of trial counsel. Relevant to this appeal, Reitz alleged that his attorney was ineffective in failing to call character witnesses at Reitz' trial and in interfering with Reitz' right to testify. Reitz attached to his PCRA petition affidavits from ten character witnesses, each of whom asserted that they were available and willing to testify at Reitz' trial. The PCRA court held a hearing on Reitz' PCRA petition on July 18, 2014, and July 21, 2014. Reitz, trial counsel, and five of Reitz' would-be character witnesses testified at that hearing. On January 13, 2015, the PCRA court issued an order dismissing Reitz' PCRA petition.

On February 10, 2015, Reitz timely filed a notice of appeal. On that same day, the PCRA court ordered Reitz to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Reitz timely complied. On May 15, 2015, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

Reitz presents two issues for our consideration:

1. Did the [PCRA] court err in denying [Reitz'] PCRA petition since trial counsel was ineffective for failing to call character witnesses at trial to offer character testimony regarding [Reitz] being a peaceful and law-abiding citizen, and for failing to even discuss character witnesses with [Reitz?]

> 2. Did the [PCRA] court err in denying [Reitz'] PCRA petition since trial counsel was ineffective for interfering with [Reitz'] right to testify at his jury trial?

Brief for Reitz at 3 (capitalization modified for clarity).

> This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." **Id.** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." **Id.** (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." **Id.**

**Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984), as the following three-factor inquiry:

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Commonwealth v. Reed**, 971 A.2d 1216, 1221 (Pa. 2005) (citing **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987)).

"In accord with these well-established criteria for review, a petitioner must set forth and individually discuss substantively each prong of the *Pierce* test." *Commonwealth v. Steele*, 961 A.2d 786, 797 (Pa. 2008). Moreover, because trial counsel is presumed to be effective, a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006).

Reitz first argues that trial counsel was ineffective for failing to call character witnesses at trial. The decision whether or not to call a particular witness generally is a matter of trial strategy. *See Commonwealth v. Jones*, 652 A.2d 386, 389 (Pa. Super. 1995). Such choices, when "made after thorough investigation of law and facts relevant to plausible options," are "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or [whether] the alternative not chosen offered a significantly greater potential chance of success. *Commonwealth v. Colavita*, 993 A.2d 874 (Pa. 2010). Counsel's decisions will be considered reasonable if they effectuated his client's interests. *Commonwealth v. Miller*, 987 A.2d 638 (Pa. 2009). We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken. *Id.* at 653.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013).

At the outset, we note that the record demonstrates that it was Reitz himself, rather than his attorney, who ultimately decided not to present character evidence at trial. At Reitz' PCRA hearing, trial counsel testified

that it was "100 percent" Reitz' decision not to call character witnesses. ***See***

Notes of Testimony PCRA ("N.T.P."), 7/18/2014, at 24, 86. Moreover, the

trial court conducted the following colloquy on the final day of Reitz' trial:

| | |
|---|---|
| **The Court:** | [Trial counsel] also discussed with you the right to call character witnesses[?] |
| **Reitz:** | Yes. |
| **The Court:** | You understand the limited nature of character witness testimony? |
| **Reitz:** | Yes. |
| **The Court:** | Having again discussed with [trial counsel] your trial strategy[,] and having considered his advice, have you made a decision whether or not you wish to call character witnesses in your case? |
| **Reitz:** | I made the decision not to do so. |
| **The Court:** | So it is your decision, not [trial counsel's,] but you have consulted and discussed this with him and you do understand character witness testimony; is that correct? |
| **Reitz:** | Correct. |
| **The Court:** | Any questions, [trial counsel,] regarding your client's decision . . . not to call any character witnesses? |
| **Counsel:** | Only, Mr. Reitz, you're not currently under the influence of drugs or alcohol that would affect your ability to think clearly this morning? |
| **Reitz:** | No, I am not. |
| **Counsel:** | Have you taken any prescription medication? |
| **Reitz:** | No, I have not. |
| **Counsel:** | Has anyone made any threats or promises to get you to waive your right? |
| **Reitz:** | Nobody has. |

| **Counsel:** | So your decision is knowingly, intelligently[,] and voluntary [*sic*] made? |
| **Reitz:** | Correct. |

Notes of Testimony ("N.T."), 7/19/2012, at 349-50.

Reitz alleges that trial counsel induced the above testimony by threatening to withdraw as counsel if Reitz exercised his right to call character witnesses.  N.T.P. at 182-83.  This claim is without merit.  We have held that "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel."  ***Commonwealth v. Lawson***, 762 A.2d 753, 756 (Pa. Super. 2000).

Even in the absence of Reitz' voluntary waiver of his right to present character evidence, his claim would still fail.  The PCRA court concluded that Reitz failed to demonstrate that trial counsel lacked a reasonable basis for not presenting evidence of Reitz' law-abiding character.  PCRA Court Opinion ("P.C.O."), 5/15/2015, at 4.  When viewed in the light most favorable to the Commonwealth—as our standard of review requires—the record before us amply supports that conclusion.

At Reitz' PCRA hearing, trial counsel testified that he was hesitant to call character witnesses at trial for three reasons.  First, because Reitz had decided not to testify in his own defense, trial counsel was concerned that jurors would ask themselves "Well, why did people get up there and say he's such a wonderful . . . and law-abiding person, but we didn't hear from

[him?]" N.T.P. at 73. Second, trial counsel knew that that the Commonwealth likely would rebut evidence that Reitz had a reputation for being a law-abiding citizen with evidence that Reitz had pleaded guilty to harassment (and was charged with simple assault and terroristic threats) only ten months before he allegedly sexually assaulted R.W. *Id.* at 18, 75; *see* Pa.R.E. 404 ("[A] defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."). Third, because many of Reitz' proposed witnesses were closely related to him, counsel believed that the jury would assume they were biased, and discredit their testimony.

The PCRA court did not abuse its discretion in holding that trial counsel's decision not to present character testimony constituted a reasonable trial strategy. Counsel focused upon challenging the veracity of the Commonwealth's witnesses and evidence instead of distracting the jury with arguably disingenuous accounts of Reitz' law-abiding character, which the Commonwealth could easily refute. That decision was a reasonable trial strategy, which does not amount to ineffective assistance of counsel. *See Commonwealth v. Williams*, 732 A.2d 1167, 1189 (Pa. 1999) ("A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued."). Accordingly, Reitz' first issue is without merit.

In his second issue, Reitz argues that "trial counsel was ineffective for interfering with [his] right to testify." Brief for Reitz at 18.

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

**Commonwealth v. Nieves**, 746 A.2d 1102, 1104 (Pa. 2000) (citations omitted).

With regard to Reitz' decision not to testify on his own behalf, the trial court conducted the following colloquy:

**The Court:** [Do y]ou understand that you have the absolute right to testify if you choose to?

**Reitz:** I do.

       * * * *

**The Court:** But you do not have any obligation to do so.

**Reitz:** Correct.

**The Court:** So having discussed all of this with [trial counsel] and having considered his recommendation, have you made a decision on your own behalf whether or not you wish to testify[?]

**Reitz:** I have.

**The Court:** What is that decision?

**Reitz:** I'm not going to testify.

**The Court:** Again, that's a decision that you made having consulted with and considered [trial counsel's] advice, but it is your decision, not his?

- 9 -

**Reitz:**        It is my decision.

N.T. at 347-49.

Reitz contends that "he was not telling the truth when he stated . . . that he did not want to testify, and only did so in response to trial counsel's instruction . . . to tell the Judge that he would not testify." Brief for Reitz at 19. Nevertheless, it is well settled that a defendant who knowingly, voluntarily, and intelligently waives his right to testify will not be afforded relief based upon a claim that he committed perjury during the trial court's colloquy. **See Lawson**, 762 A.2d at 756 ("A defendant will not be afforded relief where he voluntarily waives the right to take the stand during a colloquy with the court, but later claims that he was prompted by counsel to lie or give certain answers."); **Commonwealth v. Schultz**, 707 A.2d 513, 520 (Pa. Super. 1997) ("While, in retrospect, appellant may believe her failure to testify prejudiced her, the fact remains that appellant's decision was fully informed and voluntary. As such, neither trial nor appellate counsel may be deemed ineffective in this regard."). Because the trial court's colloquy demonstrates that Reitz made a knowing, voluntary, and intelligent waiver of his right to testify, his claim of ineffective assistance of counsel fails.[2]

_____

[2] Reitz' claim that trial counsel interfered with his right to testify would be without merit even if it were not precluded by the trial court's colloquy. Although Reitz claims that his attorney threatened to abandon him if he "got on the stand," N.T.P. 170, trial counsel unequivocally denied making such a

*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015

---

*(Footnote Continued)* ————————————————

threat.  ***Id.*** at 23.  In dismissing Reitz' PCRA petition, the court found Reitz' self-serving testimony to be incredible, and accepted counsel's recollection of the events, which is corroborated by Reitz' own testimony during the colloquy.  ***See*** P.C.O. at 5.  Because the certified record supports the PCRA court's findings, we may not disturb them on appeal.  ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) ("The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.").