J-S42043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL J. WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 367 MDA 2018 |

Appeal from the PCRA Order January 29, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003969-2011

BEFORE:  BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:　　　　**FILED OCTOBER 02, 2018**

Darnell J. Williams (Appellant) appeals from the January 29, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

A prior panel of this Court set forth the pertinent factual history as follows.

---

[1] Also before this Court is Appellant's application to stay and request for remand to the PCRA court for an evidentiary hearing.  In his motion, Appellant requests that we remand this matter because since the filing of Appellant's notice of appeal, "counsel has received written statements from two [] separate witnesses that exculpate Appellant."  Petition to Stay Appeal and Remand Matter to Trial Court for Evidentiary Hearing, 7/18/2018, at 2 (unnumbered).  Appellant contends that these written statements, which he argues relate to his PCRA petition pending before this Court, "constitute newly discovered evidence pursuant to" 42 Pa.C.S. § 9543(a)(2)(vi).  ***Id.***  In light of our disposition, as set forth in more detail *infra*, we deny Appellant's request for remand without prejudice to allow him to raise his new claims in a subsequent PCRA petition, should he so choose.

*Retired Senior Judge assigned to the Superior Court.

On the evening of June 14, 2011, Thorrin Burgess ("Burgess") was shot in the abdomen on a basketball court at Reservoir Park in Harrisburg, and shortly thereafter died as a result. The evidence at trial established that on the day of the homicide, Burgess, his brother Darrien Burgess, and several of their friends, including Michael Warren and Brandon Wright, were playing basketball at Reservoir Park. At some point, Darrien and an individual nicknamed Jersey began to fight. When Darrien began to get the better of Jersey, [Appellant] struck Darrien with a handgun. Burgess intervened and pleaded with [Appellant] before ultimately tussling with him. During the tussle they both went to the ground and [Appellant] shot Burgess.

The Commonwealth also presented physical evidence that connected [Appellant] to the killing. Angela Difiore, a forensic DNA scientist with the Pennsylvania State Police, testified that she examined fingernail clipping taken from Burgess and was able to obtain a DNA sample. She compared that sample to a known DNA sample taken from [Appellant], and concluded that [Appellant's] DNA was present.

**Commonwealth v. Williams**, 122 A.3d 1126, at *1 (Pa. Super. 2015) (unpublished memorandum) *citing* Trial Court Opinion, 6/2/2014, at 1-2 (record citations omitted).

On December 13, 2013, following a jury trial, Appellant was convicted of third-degree murder and carrying a firearm without a license. On February 27, 2014, the trial court sentenced Appellant to an aggregate term of 22 to 44 years' imprisonment. Appellant filed post-sentence motions, which the trial court denied. Appellant thereafter filed a notice of appeal. On June 8, 2015, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on December 17, 2015. **Williams**, *supra*, *appeal denied*, 128 A.3d 1207 (Pa. 2015).

Appellant timely filed *pro se* the PCRA petition that is the subject of the instant appeal, his first, on March 21, 2016. Counsel was appointed and subsequently "filed an amended PCRA petition on behalf of [Appellant] on October 14, 2016, requesting relief based on the allegation that [trial counsel] was ineffective for not calling Daquan Lorenzo [Bell (Bell)] as a witness at [Appellant's] trial." PCRA Court's Memorandum Opinion, 1/29/2018, at 2 (unnecessary capitalization omitted). Based on the averments in Appellant's amended petition, an evidentiary hearing was held.

By way of further background, following the shooting at Reservoir Park, Bell was interviewed by Harrisburg police. During his interview, which occurred shortly after the shooting, Bell informed police that he was at the park at the time of the shooting. PCRA Petition, 10/14/2016, at Exhibit F. Bell identified an individual named Charles Tate, nicknamed "Nooders," as the shooter. *Id.* at 11. Upon further questioning by Detective Krokos, Bell relayed that although he was present at the park and witnessed the altercation that erupted shortly before the shooting, he did not witness the shooting and did not see the shooter. *Id.* He informed Detective Krokos that his identification of Nooders was based upon what he had heard from other people following the shooting. *Id.* at 9-11.

Bell did not testify at the evidentiary hearing, but Appellant's trial counsel, Bryan Walk, Esquire, did. Specifically, Attorney Walk relayed that as part of discovery, the defense had received and reviewed, *inter alia*, the

statement Bell provided to police. N.T., 1/19/2018, at 4-5. After reviewing what Attorney Walk categorized as a "horribly taken statement,"[2] Attorney Walk sought to speak with Bell to clarify the important details of his statement. *Id.* at 6-7. A subpoena was issued for Bell to appear the day of the trial and, when Bell failed to show up, Attorney Walk requested and was granted the issuance of a bench warrant. *Id.* at 9-10. Bell eventually presented at the courthouse after being picked up on the warrant, and Attorney Walk was given the opportunity to speak with him. *Id.* at 10. Attorney Walk testified that during his conversation with Bell, Bell reiterated that he was not an eyewitness to the shooting. *Id.* Bell stated his identification of Nooders as the shooter was premised upon what he had heard from others after the shooting. *Id.* Based on this conversation and Attorney Walk's concern that Bell was biased to the victim's side, Attorney Walk decided not to call Bell to the stand. *Id.* at 10-14.

Appellant also provided testimony at the hearing. *Id.* at 23-37. Appellant testified that Bell's statement to police identified Nooders, without equivocation, as the shooter. *Id.* at 24. Although Appellant conceded on cross-examination that later in that same statement Bell told police he did not witness Nooders shoot Burgess or see Nooders with the firearm, Appellant

---

[2] Attorney Walk testified that when he initially received Bell's statement the defense was interested in Bell's potential testimony because he was "pointing the finger at somebody else. But when [the defense] read the statement and looked at it more carefully, [Bell] never says he sees Nooders with the gun." *Id.* at 6-7.

countered that Bell's claim that he did not witness the shooting was elicited by Detective Krokos, who was "lead[ing Bell] into saying something different[.]" *Id.* at 24, 37. In light of the foregoing, Appellant argued Attorney Walk should have called Bell as a witness, and if Bell maintained he did not see Nooders with the gun, Attorney Walk could have used Bell's statement to police to impeach him on the witness stand. *Id.* at 24.

Following the evidentiary hearing, on January 29, 2018, the PCRA court issued a memorandum opinion and entered an order denying Appellant's petition. On February 21, 2018, Appellant timely filed a notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied. In lieu of a 1925(a) opinion, the PCRA court directed this Court to consider its January 29, 2018 memorandum opinion.

Appellant's sole claim on appeal asks this Court to consider whether the PCRA court erred when it dismissed Appellant's petition alleging trial counsel's ineffectiveness for failing to call Bell at trial. Appellant's Brief at 12-13. We begin our review mindful of our well-settled standard of review and applicable principles of law.

Our standard of review of the denial of a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To establish ineffectiveness, a petitioner must plead and prove the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. The law presumes counsel was effective.

Moreover, in the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

**Commonwealth v. Miner**, 44 A.3d 684, 687 (Pa. Super. 2012)

In denying Appellant's petition, the PCRA court offered the following

analysis of Appellant's claim.

The testimony [at the evidentiary hearing] showed that Attorney Walk knew about [] Bell and [] Bell was eventually available to testify after Attorney Walk subpoenaed him and had a bench warrant issued after [] Bell failed to comply with the subpoena. However, it is not at all clear that [] Bell was willing to testify for the defense. In fact, the testimony showed that [] Bell was not willing to testify at all, given the fact that he had to be picked up on a bench warrant before he even came to the Courthouse. Additionally, there was testimony that [] Bell may have been more biased to the Commonwealth's side.

Additionally, we do not believe that [Appellant] has demonstrated prejudice. In order to demonstrate prejudice, the petitioner must show that the witness's testimony would have been helpful to the defense. [**Commonwealth v. Sneed**, 45 A.3d 1096, 1109 (Pa. 2012)]. Attorney Walk testified clearly that he spoke with [] Bell and determined that [] Bell's testimony that the shooter was someone other than [Appellant] was based on rumors that [] Bell heard from others who were at the scene. As such, []

- 6 -

> Bell's testimony would have been precluded as hearsay and would not have provided any help to the defense. … As such, Attorney Walk can be deemed constitutionally effective, and Petitioner is not entitled to relief.

PCRA Court's Memorandum Opinion, 1/29/2018, at 3.

We agree with the PCRA court's conclusions and find that they are supported by the record. First, Appellant fails to address or dispute the PCRA court's conclusion that Bell, who had been subpoenaed to appear at trial and only presented when picked up on a bench warrant, may not have been willing to testify for the defense. PCRA Court's Memorandum Opinion, 1/29/2018, at 3. Nor does Appellant reject the court's finding that Bell may have been more biased to the Commonwealth's case. *Id*. *See* N.T., 1/19/2018, at 14 (Attorney Walk testified that it was his "understanding" that Bell was "more friends with the victim's side of the people, so to speak.") *See also id.* at 22 (Attorney Walk stated that Bell was "anti[-Appellant. Bell] was friends with the victim too.").

In addition, Appellant did not produce an affidavit from Bell with regard to his willingness to testify. This omission is fatal to Appellant's claim.

> In the absence of affidavits from the witnesses indicating the truth of his assertion that if they would have been contacted earlier, they would have testified for him, we will not grant a new trial since appellant has not established the "witness' willingness and ability to cooperate." *See Commonwealth v. Jones*, [652 A.2d 386 (Pa. Super. 1995)] (mere allegation that a witness would have testified as a character witness is not sufficient to require grant of new trial; some evidentiary support for such an allegation must be present for relief to be granted); *Commonwealth v. Davis*, [554 A.2d 104 (Pa. Super. 1989)] (where no affidavits were filed from putative witnesses, defendant failed to establish

they were available, willing to testify, and could have provided material evidence).

*Commonwealth v. Lassen*, 659 A.2d 999, 1012 (Pa. Super. 1995), *abrogated on other grounds*.

Moreover, we agree with the PCRA court that Appellant failed to establish prejudice. As stated *supra,* included within Appellant's amended PCRA petition, was the voluntary statement Bell gave to police. Pertinent to this issue, while Bell indicated he was present during the shooting, saw a group of men fighting, and ultimately identified Nooders as the shooter, Bell emphatically stated numerous times that he did not actually witness the shooting, and did not see Nooders with the gun.

[Detective Krokos:] Okay the guy

[Bell:] Yeah

[Detective Krokos:] ……who fought Darien who the guy who's going to fight Darien meets up with Darien.

[Bell:] Yeah so we, we go up you know what I mean.

[Detective Krokos:] Okay

[Bell:] And then the bull who shot [Burgess.]

* * *

[Bell:] Then I well I didn't see but people were saying that the person who shot [Burgess] had jumped into Darien's fight.

* * *

[Detective Krokos:] The shooter was somebody else, is that correct?

[Bell:] Yes

[Detective Krokos:] What do they call him?

[Bell]: Noo[d]ers

* * *

[Bell:] Like I like I said I never heard him or saw him in my life so.

[Detective Krokos:] Or saw him so, so you don't know anything about Noo[d]ers.

[Bell:] Nothing about him.

[Detective Krokos:] All's [*sic*] you know is that whoever this guy Noo[d]ers whoever the same Noo[d]ers, they' re calling Noo[d]ers the guy who was with ah this guy you pointed out .

[Bell:] Umum (yes)

[Detective Krokos:] That, that's who they're calling Noo[d]ers.

[Bell:] Yeah

[Detective Krokos:] Did you see this guy, did you see a gun.

[Bell:] Umum (no)

[Detective Krokos:] You did not see a gun.

[Bell:] Did not see a gun, no.

* * *

[Detective Krokos:] Um this, this guy who what [*sic*] makes you think that the, Noo[d]ers did the shooting and not the guy Darien was fighting with?

[Bell:] Because they well, I mean they said that he was before he shot him they tried he tried to pistol whip him……

[Detective Krokos:] No, no I'm not asking about what other people said I want to know what from your perspective I know what you heard, but I want to know from your perspective.

* * *

[Detective Krokos:] So the only thing you saw was Darien and this guy how, how was it that you didn't see [who Burgess was] fighting with this

[Bell:] Cause that's as soon as they're fighting soon Darien and the boy start fighting

[Detective Krokos:] Yeah

[Bell:]That's when everybody got closer.

[Detective Krokos:] Oh so……

[Bell:] So you know what I mean so you couldn't

[Detective Krokos:] It was……

[Bell:] Where I was at I couldn't really see [(inaudiable)] too close.

[Detective Krokos:] You were further back?

[Bell:] Yeah so I couldn't that's why I couldn't tell I couldn't see the fight if they were fighting with [Burgess] but I couldn't see that.

[Detective Krokos:] Do you know anything about this Noo[d]ers guy besides his nick name?

[Bell:] Nope

[Detective Krokos:] Do you know um what he looked like to the best of your knowledge?

[Bell:] All I know light skinned that's it. []

PCRA Petition, 10/14/2016, at Exhibit F, 7-14.

Upon review of Bell's statement and Attorney Walk's testimony at the evidentiary hearing, the PCRA court determined that Bell's identification of the shooter was based on what he heard from others in the community, and not based upon his eyewitness account. Thus, the court determined Bell's testimony would not have been helpful to the defense because it would have been excluded as hearsay. PCRA Court's Memorandum Opinion, 1/29/2018, at 3. We agree.[3] ***Commonwealth v. Levanduski***, 907 A.2d 3, 14 (Pa. Super. 2006) ("[Hearsay] is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

Based on the foregoing, as Appellant has failed to convince this Court that the PCRA court erred by dismissing his petition, we affirm the PCRA court's order.

Order affirmed.

---

[3] In doing so, we reject Appellant's argument that Bell's statement could have been used for impeachment purposes. Bell's conversation with Attorney Walk that he did not see Nooders with the gun emulates his statements to police. ***See Commonwealth v. Rayner***, 153 A.3d 1049, 1062 (Pa. Super. 2016) ("A prior inconsistent statement, in relevant part, is '[a] prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and ... was given under oath subject to the penalty of perjury[.]' Pa.R.E. 803.1(1)(A). In other words, prior inconsistent statements are those earlier statements, taken under oath, that are incompatible with the witness's trial testimony.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018