627 A.2d 773

**COMMONWEALTH of Pennsylvania**

v.

**Robert MULLINS, Appellant.**

Superior Court of Pennsylvania.

Argued April 19, 1993.

Filed July 6, 1993.

474

Leanne L. Litwin, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, WIEAND, MCEWEN, CIRILLO, DEL SOLE, BECK, TAMILIA, JOHNSON and HUDOCK, JJ.

DEL SOLE, Judge.

This is a direct appeal from a Judgment of Sentence imposed following Appellant's convictions for possession and possession with intent to deliver.

The single claim presented by Appellant for our review asks us to determine whether trial counsel was ineffective for failing to file and litigate a motion to suppress physical evidence. Appellant contends that the facts show that an undercover police officer made a controlled buy of narcotics through a hole in the door of a private residence. He asserts that ten or fifteen seconds later, the police forced open the door and entered the home without a search or arrest warrant and without knocking and announcing their identity or pur-

pose. Appellant was arrested and confiscated from his person was the marked money used in the controlled buy, other currency, and two vials of suspected cocaine. Seized a few feet away from Appellant was a clear plastic bag which contained an additional 32 vials of suspected cocaine. It is Appellant's position that the evidence obtained would have been suppressed had his counsel filed an appropriate motion because the officers entered the premises without a warrant and no exigent circumstances existed. Due to the status of the record before us in this matter, we are unable to reach the merits of the claim as presented by Appellant.

The specific issue raised on appeal was first presented to the trial court in post-verdict motions. Counsel argued this motion before the trial court and then testimony was taken. The sole witness offered by Appellant was his former counsel. The witness was questioned concerning his failure to file a motion to suppress on Appellant's behalf. Counsel responded that the motion was not filed because he did not wish to jeopardize the defense. He testified that the defense in the case sought to prove that Appellant did not reside in the house and was not the drug seller, but merely possessed drugs after arriving at the residence to purchase them for his own use. Thus, Appellant's former counsel reasoned there was a problem with asserting that Appellant had a reasonable expectation of privacy in the dwelling. The witness also testified that there was a question of whether exigent circumstances existed in the case because of prior criminal activity, including a shooting, which occurred at the subject location.

Absent from the post-verdict motion hearing was any testimony from the police officers involved in this case. This absence is critical to our decision despite the fact that the officers testified at trial to the events leading up to Appellant's arrest. The testimony elicited from the officers at trial however, was not focused on a resolution of a suppression question, thus, matters relevant to a suppression determination were not thoroughly explored.

The absence of evidence on critical facts is evident in the trial court's questioning of Appellant's counsel during argu-

ment at the post-verdict hearing. First, the court sought to remind counsel that the trial testimony indicated "there was nothing searched; it was in plain view." N.T. 8/14/91 at 5. Counsel had a different recollection of the officer's testimony and responded that "the door was not open, it was not ajar." *Id.* Counsel attempted to emphasize this distinction stating that the facts showed that the police had to break the door to get into the home. The court stated "I am interested in finding the evidence that the door was smashed in, as you represent to the Court." *Id.* at 7. Counsel responded by citing testimony that the officers "went over and took the door." *Id.* The court refused to accept this testimony in support of counsel's interpretation of the events and instead found that the instant case was "on all fours with *Lopez.*" *Id.* (*Commonwealth v. Lopez,* 525 Pa. 185, 579 A.2d 854 (1990), where an equally divided panel of our Supreme Court affirmed and adopted a Superior Court Memorandum decision upholding a warrantless arrest, where one factor critical to the court's decision was evidence that both the inner and outer doors of a residence were open when the police entered the home.)

Secondly, Appellant's counsel argued before the court that there was no evidence in the record that there was violent activity at the subject residence in the past, and that the police had ample opportunity to secure a search warrant and knew who lived there. Once again the court disputed counsel's recollection of the evidence produced at trial. *Id.* at 15.

Many factors are critical to a resolution of a suppression issue, and the ultimate decision must be based on the application of the law to the facts of the case. Whether the search and seizure is challenged under our federal or state constitution[1], questions of standing, privacy interests and exigent

1. The Commonwealth argues that this case must be analyzed under the Fourth Amendment to the United States Constitution because Appellant has waived any claims under Article I, section 8 of the Pennsylvania Constitution by not raising this specific challenge in his supplemental post-verdict motions. While we recognize that an analysis of the suppression issue would differ under the provisions of the federal and state constitutions because of the historical differences in the two and

circumstances will arise and will need to be resolved. *See Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Commonwealth v. Sell,* 504 Pa. 46, 470 A.2d 457 (1983), and *Commonwealth v. Peterson,* 408 Pa.Super. 22, 596 A.2d 172 (1991), *appeal granted,* 530 Pa. 641, 607 A.2d 252. Absent testimony on the record from which the court can make a factual determination about the events which transpired, a ruling of whether a suppression issue would be meritorious cannot be made.

■ Appellant's failure to place evidence on the record which would enable the court to determine whether the police acted properly, is fatal to his case. Although Appellant's counsel argued at the post-verdict motion hearing that the Commonwealth did not "put anything on the record" which would establish that exigent circumstances were present, it was not the Commonwealth's burden to offer such proof. N.T. 8/14/91 at 15. *Commonwealth v. Hutchinson,* 521 Pa. 482, 556 A.2d 370 (1989). Appellant was the one attempting to demonstrate to the court at the hearing that his prior counsel was ineffective for failing to file a motion to suppress. To succeed in this quest, Appellant had the burden of proving that the underlying issue (the suppression motion) had merit. *Id.; Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). This could only be done by offering evidence to prove specific facts which would have entitled Appellant to relief under the law. Because these facts were not set forth, a discussion of the legal questions presented in seeking to suppress the seized evidence cannot be undertaken. Further, counsel's strategic decision not to file the suppression motion does not need to be evaluated since Appellant did not demonstrate that the motion would have been successful. *Id.; Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687, 696 (1977).

Judgment of Sentence affirmed.

their interpreted purposes, *Commonwealth v. Edmunds,* 526 Pa. 374, 394, 586 A.2d 887 (1991), we need not detail those differences in this case, where the factual record is undeveloped.