J-S12005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN A. BREWER | : | No. 1820 EDA 2020 |

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002532-2016

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                Filed: July 8, 2021

The Commonwealth of Pennsylvania appeals from the order, entered on September 14, 2020,[1] in the Court of Common Pleas of Philadelphia County, granting relief on a petition filed by Appellee, Benjamin A. Brewer, pursuant to  the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate the order of the PCRA court and remand with instructions to dismiss the petition and reinstate Brewer's judgment of sentence.

The PCRA court set forth the facts of the case as follows:

On the evening of January 15, 2016, at approximately 10:45 p.m., Officers Reinaldo Agront and Travis Washington were on plain[-]clothes patrol in an unmarked car on the 3100 block of North Carlisle Street in Philadelphia.

As the officers drove up Carlisle Street, [] Brewer exited the rear passenger side door of a white Lincoln sedan[, which was also

---

[1] The order is dated September 11, 2020, but was not docketed until three days later.

referred to at trial as a "Lincoln Continental" and "Lincoln Town," and which] was illegally parked with two wheels on the sidewalk and with heavily tinted windows. The officers then pulled up in front of[2] the Lincoln to investigate these violations of the Vehicle Code. [] Brewer[, after exiting the rear passenger side of the Lincoln,] then began to walk away[, and squatted beside the vehicle.] Officer Agront testified that[,] at the time [] Brewer exited the vehicle, he had no reason to suspect that [] Brewer was engaged in any kind of illegal activity.[3]

_____

2 The Commonwealth claims the court erred in determining that the officers pulled up in front of the Lincoln, rather than behind it. *See* Appellant's Brief, at 5 n.1. We are not able to determine from the record where, exactly, the police vehicle was positioned in relation to the Lincoln. At trial, Officer Agront testified as follows:

We were a three-man team, unmarked, [and in] plain[-]clothes. We were heading northbound on Carlisle Street, 3100 block. As we got, I believe, like mid-block, Officer Washington observed [Brewer] get out of the vehicle, which was a white Lincoln Continental. . . . [The Lincoln's license plate number was] JPX-2285[, and it was] parked illegally on the sidewalk, had heav[ily] tinted windows. Stopped the vehicle. [I] observed[ Brewer] walking away from the vehicle. He was told to stop, which he did. I [engaged in] a brief conversation with [Brewer,] asked him if he lived on the block. He said[, "]No["]. I asked what he was doing. He was visiting. I said ["]Do you have anything on you that I need to know about?["] At that point[, Brewer] stated, ["]Yes. I have a gun in the car.["] Officer Washington went over to the vehicle[.] . . . I observed Officer Washington walk to the car, open[] up the rear door where the defendant [had] exited the vehicle[,] and Officer Washington recovered a black semiautomatic .40 caliber handgun, Smith and Wesson.

N.T. Bench Trial, 10/12/16, at 9-12.

3 Contrary to the court's recitation of the record, in addition to agreeing with defense counsel on cross-examination that he had "no reason to suspect [Brewer] was engaged in any kind of illegal activity" when he observed Brewer outside of the Lincoln, *id.* at 17, Officer Agront also testified that, "I didn't observe [Brewer] exit the vehicle. What I observed was, he was—**I thought**
*(Footnote Continued Next Page)*

Officer Agront stopped [Brewer], and when asked if he had anything that the officers needed to know about, [Brewer] told the officer that he had a gun in the Lincoln. Officer Agront informed Officer Washington of the presence of the gun. Officer Washington then reached into the open rear passenger door[4] of the car and retrieved from its floor an unloaded, black semiautomatic .40 caliber Smith and Wesson handgun[.] There were three other persons in the Lincoln at the time, none of whom made any movements toward the handgun. None of the other occupants of the vehicle claimed ownership of the handgun or seemed to know anything about its presence before the police recovered it. []

[The officers placed Brewer] under arrest and[,] during a search incident to arrest, [recovered] a magazine loaded with 12 bullets [] from his pants pocket.

Several hours later, during an interview with Detective Timothy Mayer, [Brewer] waived his **Miranda**[5] rights and acknowledged that the handgun was his, he did not have a permit to carry a concealed firearm, and that he left it on the floor of the car when he stepped out to smoke a cigarette.

Trial Court Opinion, 11/30/20, at 2-3 (internal citations and footnote omitted).

On October 12, 2016, Brewer waived his right to a jury trial and elected to proceed by bench trial before the Honorable Stella M. Tsai. At the conclusion of the trial, the court convicted Brewer of carrying a firearm without

_____

**he was actually tampering with the vehicle**, when he got up—I just seen [sic] him—I didn't see him exit. I thought he was just squatting down." **Id.** at 16 (emphasis added).

[4] Officer Washington testified that the door "was already open" when he retrieved the gun. **Id.** at 33.

[5] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

- 3 -

a license[6] and carrying a firearm on the streets of Philadelphia.[7]  At Brewer's request, the court appointed new post-trial counsel and subsequently sentenced Brewer to concurrent sentences of 11½ to 23 months' incarceration, with immediate parole to house arrest, to be followed by three years of probation, on each count.   Brewer did not file a post-sentence motion.

Brewer timely appealed, raising a single issue for our review:  "Where [Brewer] was convicted of 18 Pa.C.S.[A.] § 6108 based on a firearm seized from a vehicle, the evidence was insufficient to prove beyond a reasonable doubt that he 'carried' the firearm and that he did so 'upon the public streets or upon any public property.'"  This Court affirmed his judgment of sentence. **See Commonwealth v. Brewer**, 1030 EDA 2017 (Pa. Super. filed March 8, 2019) (unpublished memorandum decision).   Brewer did not petition for review in the Pennsylvania Supreme Court.

On February 26, 2019, Brewer prematurely filed a *pro se* PCRA petition, since his direct appeal was still under consideration in this Court at that time, and we did not issue a decision until March 8, 2019.   **See**, **e.g.**, **Commonwealth v. Williams**, 215 A.3d 1019, 1022-23 (Pa. Super. 2019) ("Generally, a petitioner[] may only file a PCRA petition after he has waived or exhausted his direct appeal rights.  **If a petition is filed while a direct**

---

[6] 18 Pa.C.S.A. § 6108.

[7] 18 Pa.C.S.A. § 6106(a)(1).

**appeal is pending, the PCRA court should dismiss it without prejudice** towards the petitioner's right to file a petition once his direct appeal rights have been exhausted.") (emphasis added); ***but see id.*** at 1023 (citing ***Commonwealth v. Anderson***, 788 A.2d 1019, 1021-22 (Pa. Super. 2001)) (where PCRA petitioner attacks only underlying trial and conviction, successful challenge would not affect date of finality under 42 Pa.C.S.A. § 9545(b), and PCRA petition is otherwise timely, petitioner is not precluded from filing PCRA petition while appeal is still pending, and appellate court may address merits of appeal).[8]

The PCRA court appointed Peter A. Levin, Esquire, on April 12, 2019. Attorney Levin timely filed an amended petition on September 24, 2019, alleging ineffective assistance of trial counsel for failure to file a motion to suppress the firearm. The Commonwealth filed a motion to dismiss Brewer's amended petition on January 21, 2020. The court then ordered the Philadelphia District Attorney's Office to withdraw from the case because District Attorney Lawrence S. Krasner, Esquire, represented Brewer at trial; the court then appointed the Office of the Attorney General to represent the

---

[8] Here, Brewer's amended petition alleges ineffective assistance of trial counsel for failing to file a motion to suppress. Such a claim only attacks the underlying trial and conviction, and, if successful, would not affect the calculation of the date of finality under 42 Pa.C.S.A. § 9545(b)(3). ***See Williams***, ***supra***. Additionally, counsel's amended petition was filed **after** Brewer's direct appeal was decided, and within the PCRA's jurisdictional time limits. ***See*** 42 Pa.C.S.A. § 9545(b)(1). We may, therefore, proceed to review the merits of the appeal.

Commonwealth. On August 11, 2020, the Commonwealth filed a supplemental response.

The court held an evidentiary hearing on Brewer's amended petition on August 14, 2020, at which time Brewer's counsel waived his client's presence. Post-Conviction counsel, Attorney Levin, declined to place any evidence into the record and instead proceeded directly to argument. The Commonwealth then called trial counsel, Eric Scott Donato, Esquire, who was the only witness to testify at the hearing. Attorney Donato testified that:

> [I]n full disclosure[,] after reviewing everything all over again, if it came across my desk today, maybe I would have done something differently, maybe I would have filed the suppression motion. My thinking at the time was that police had [] reasonable suspicion or probable cause to look into the traffic offense. So my thinking was[, because] they had the reasonable suspicion or probable cause, Mr. Brewer's statement to the police about the gun was basically right off the bat. So[,] there was no argument that police delayed the encounter and there was also the issue of inevitable discovery as well.
>
> My understanding is that the firearm was located[,] just not concealed[,] on the floor of the vehicle. And so, you know, even though Mr. Brewer's statements did lead them to the firearm, since they were in the process of lawfully looking into the vehicle, you know, if the police had another minute, they would have found the gun anyway.
>
> So[,] from my position, I didn't really see any winnable suppression issues there, so I didn't file the motion. [T]here's always that issue[,] or that strategy[,] in the back of your mind[:] even if you don't think you're going to win it, do you file it anyway? I decided not to do that because I hoped to put Mr. Brewer in the best possible position for sentencing if he were ultimately convicted. And based on the facts of the case, I thought the[re was a] likelihood of conviction [] based on what happened.
>
> So the strategy was[:] I wasn't going to file the motion because I didn't think it would win[;] I didn't think there were any

legitimate issues[; a]nd[,] I thought I might be able to use that as one factor at sentencing if the worst should happen. So the argument would have looked something like[:] [“]Judge, we did a bench trial instead of a jury trial, conserved judicial resources, didn't inconvenience 12 other people who would have to hear the case. Mr. Brewer was polite and cooperative with police as you can tell from the testimony from the trial. [W]e also didn't file any motions that would cause any [] undue delay or [] raise issues that weren't really going to win.[”] So I hoped to raise all these issues at sentencing. So that was the overall strategy. I wanted to make that additional level of mitigation.

N.T. PCRA Hearing, 8/14/20, at 14-17.

On September 14, 2020, the PCRA court granted Brewer's amended petition, finding trial counsel ineffective for failing to file the suppression motion because Brewer's underlying suppression claim had arguable merit where the police unlawfully stopped Brewer, insofar as police did not have reasonable suspicion to stop him or investigate him for the Lincoln's Motor Vehicle Code violation and the officers did not actually observe a violation of the law, and, further finding the subsequent recovery of the firearm was fruit of that unlawful stop. The PCRA court vacated Brewer's conviction and ordered a new trial. The Commonwealth timely appealed; both the Commonwealth and the court have complied with Pa.R.A.P. 1925.

On appeal,[9] the Commonwealth raises the following issues for our review:

1. Did the PCRA court err in finding trial counsel ineffective where [Brewer] presented no evidence at the evidentiary hearing

_____

[9] On April 15, 2021, Brewer, through counsel, filed a letter in this Court explaining that, instead of filing an appellate brief, Brewer relies on the opinion of the PCRA court.

- 7 -

and[,] thus[,] failed to meet his burden to show his suppression claim had merit?

2. Did the PCRA court err in finding trial counsel ineffective for not filing a meritless suppression motion?

3. Did the PCRA court err in finding trial counsel ineffective where he had a reasonable basis not to file a meritless suppression motion?

4. Did the PCRA court err in finding trial counsel ineffective where defendant could not show prejudice?

Commonwealth's Brief, at 3.

Our standard of review for an order denying or granting PCRA relief is

well-settled:

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. We will not disturb the findings of the PCRA court unless there is no support for those findings in the record.

In reviewing ineffective assistance of counsel claims, we presume counsel is effective. To overcome this presumption, "a PCRA petitioner must show[: (1)] the underlying claim has arguable merit[; (2)] counsel's actions lacked any reasonable basis[;] and [(3)] counsel's actions prejudiced the petitioner." *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. 2013)[.] Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. A claim will be denied if the petitioner fails to meet any one of these prongs.

*Commonwealth v. Brown*, 235 A.3d 387, 391 (Pa. Super. 2020) (citing

*Commonwealth v. Velazquez*, 216 A.3d 1146, 1149-50 (Pa. Super. 2019))

(brackets, some quotation marks, and some internal citations omitted).

Moreover, counsel cannot be found ineffective for failing to pursue a baseless

or meritless claim. *See Commonwealth v. Epps*, 240 A.3d 640, 645 (Pa. Super. 2020).

"The failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel." *Commonwealth v. Metzger*, 441 A.2d 1225, 1228 (Pa. Super. 1981). To succeed on such a claim, the petitioner "must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." *Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (quoting *Commonwealth v. Melson*, 556 A.2d 836, 839 (Pa. Super. 1989)). The petitioner arguing ineffective assistance of counsel has the burdens of production and persuasion at the evidentiary hearing. *See Commonwealth v. Jones*, 596 A.2d 885, 888 (Pa. Super. 1991) (citing *Commonwealth v. Wells*, 578 A.2d 27, 32 (Pa. Super. 1990)) ("Whenever an evidentiary hearing on a claim of ineffectiveness is granted, the burdens of production and persuasion remain on the [petitioner]. **If the [petitioner] fails to sustain the offer of proof at the evidentiary hearing, the ineffectiveness claim must fail. A failure to sustain an allegation of ineffectiveness may arise from a failure to present evidence at the evidentiary hearing**, or from a rejection of the evidence presented in support of the proffer as not credible.") (emphasis added).

Here, at the evidentiary hearing, Brewer's PCRA counsel waived Brewer's presence, did not place any new evidence into the record, and

proceeded directly to oral argument. *See* N.T. PCRA Hearing, 8/14/20, at 5-12. Thereafter, the Commonwealth called Attorney Donato to the stand to testify regarding the matter. *Id.* at 12. Consequently, we conclude that Brewer failed to meet his burden of production at the evidentiary hearing, where the Commonwealth called the only witness and adduced the only evidence on the ineffectiveness claim/issue. *See Jones*, *supra* at 888-89 ("It was not for the Commonwealth to produce [petitioner]'s trial counsel as a witness when [petitioner] failed to do so. We agree with the Commonwealth that **the reasonableness of trial counsel's actions or inactions is a prong of the ineffective assistance of counsel claim**[,] which **must be proven[,] and not merely rebutted**.") (emphasis added); *Wells*, *supra*. *See also Commonwealth v. Mullins*, 627 A.2d 773, 775 (Pa. Super. 1993) (en banc) (petitioner's failure to place evidence on record which would enable court to determine whether police acted properly is fatal to case since it is not Commonwealth's burden to offer such proof; to succeed in demonstrating ineffective assistance of trial counsel for failing to file motion to suppress, petitioner has burden of proving underlying issue—suppression motion—had merit). Because Brewer failed to meet his burden of production insofar as he failed to produce **any** evidence at the evidentiary hearing, we agree with the Commonwealth that he failed to establish that his underlying suppression motion had merit. *See Mullins*, *supra*. As a result, in the absence of any evidence **produced by Brewer** that trial counsel lacked a reasonable basis for not pursuing the suppression claim, *see Escobar*, *supra*; *Watley*, *supra*,

we find that the PCRA court abused its discretion in granting the petition.[10]

***See Brown***, ***supra***.[11]

---

[10] Even if Brewer had called trial counsel to the stand at the evidentiary hearing and placed the exact same evidence into the record as that adduced by the Commonwealth, we would still find Brewer's ineffective assistance claim meritless, and that he failed to meet his burden of persuasion. ***See Jones***, ***supra***.

This Court has previously explained that when "an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." ***Commonwealth v. Carelli***, 546 A.2d 1185, 1189 (Pa. Super. 1988); ***see also Mullins***, ***supra***.

> Thus, while presentation of an *arguable* omitted suppression claim may have entitled [petitioner] to an evidentiary hearing, [petitioner] was not entitled to relief unless he established at the evidentiary hearing that: his suppression claim **would have prevailed at a suppression hearing**; there was no objectively reasonable basis designed to effectuate appellant's interests for counsel's failure to pursue a suppression motion; and, there was a reasonable probability that, if the evidence had been suppressed, the result of the trial would have been more favorable to appellant.

***Carelli***, ***supra*** at 1189 (italicized emphasis in original; bolded emphasis added).

Here, assuming, *arguendo*, that the record was sufficient for the PCRA court to make any determinations regarding Brewer's amended petition, Brewer still failed to establish, at the evidentiary hearing, that he would have prevailed at the suppression hearing. This is so for several reasons.

First, we conclude that Brewer did not have a legitimate expectation of privacy in the Lincoln where police found the firearm unconcealed, laying directly in plain view on the floor of the vehicle, within reach of the other passengers. ***See Commonwealth v. Viall***, 890 A.2d 419, 423 (Pa. Super. 2005) (ordinary automobile passenger does not by mere presence have legitimate expectation of privacy in entire passenger compartment of vehicle; although passengers

*(Footnote Continued Next Page)*

may maintain legitimate expectation of privacy in contents of luggage in automobile, passengers do not maintain such expectation in locations of common access to all occupants, therefore, such passengers lack ability to challenge validity of search).

Second, contrary to the PCRA court's findings, our review of the trial transcript reveals that the officers had the probable cause necessary to investigate the violations of the Motor Vehicle Code. *See Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013); 75 Pa.C.S.A. § 3353(a)(1)(ii). Indeed, upon his arrival on the scene, Officer Washington testified that he did not yet know who the driver of the vehicle was, but could not rule out the possibility that it was Brewer simply because Brewer had exited from the rear of the vehicle. *See* N.T. Bench Trial, 10/12/16, at 30. The officers acted reasonably in investigating the Vehicle Code violation and ensuring their safety at that scene, where they found the Lincoln illegally parked on the sidewalk, police had not yet identified the driver of the Lincoln, and police observed Brewer exit the vehicle, walk away, and squat beside it, while possibly "tampering" with it. We note that the officers were permitted to stop and question Brewer at the scene and maintain the status quo as they continued to investigate. *See Commonwealth v. Gwynn*, 723 A.2d 143, 149 (Pa. 1998) (police officers may reasonably preserve status quo while confirming or dissipating suspicions); *Commonwealth v. Pratt*, 930 A.2d 561, 567 (Pa. Super. 2007) (police officer's instruction to passenger of lawfully stopped vehicle to re-enter and remain in vehicle until traffic stop is completed does not violate that individual's rights under federal or Pennsylvania Constitutions). Indeed, in its Rule 1925(a) opinion submitted in conjunction with Brewer's direct appeal, the trial court stated that, "As the officers approached to investigate [the] violations of the Vehicle Code, they observed [] Brewer exit the rear passenger side door of the Lincoln and start walking away from it." Trial Court Opinion, 5/24/17, at 2.

Third, the officers would have had independent reasonable suspicion for conducting an investigatory detention where Brewer exited an illegally parked car, at nighttime, in a high crime area, and was observed possibly "tampering" with it when he squatted beside it. *See supra* at n.2; *Commonwealth v. Holmes*, 14 A.3d 89, 96 (Pa. 2011) ("The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light of the totality of the circumstances.").

*(Footnote Continued Next Page)*

Order vacated. Remanded with instructions to deny Brewer's PCRA petition and reinstate his judgment of sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/21

---

Because Brewer's suppression motion would have failed, trial counsel cannot be found ineffective for failing to pursue such a baseless or meritless claim. **See Epps**, **supra**.

Finally, we note that counsel's strategy in attempting to preserve grounds for mitigation at sentencing was a reasonable one. **See Commonwealth v. Rollins**, 738 A.2d 435, 441 (Pa. 1999) (citing **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987)) ("In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis."). Counsel's hindsight testimony that he would have pursued an alternative trial strategy does not retroactively change the reasonableness of counsel's decision at the time he made it. **See Commonwealth v. Sandusky**, 203 A.3d 1033, 1094 (Pa. Super. 2019).

[11] Since our decision on the Commonwealth's first issue on appeal disposes of this case in its entirety, we need not address the remaining issues.

- 13 -